

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL COUNCIL ON<br>COMPENSATION INS. INC.<br><br>v.<br><br>CARO & GRAIFMAN, PC<br>JOSEPH GALL | )<br>)<br>)<br>)<br>)   3:00 CV 1925 (AHN)<br>)<br>)<br>)<br>)   JUNE 21, 2005 |

## MOTION TO REOPEN DISMISSAL

Plaintiff, National Council on Compensation Ins. Inc. ("NCCI"), hereby submits its motion to reopen in response to the judgment of dismissal without prejudice that was entered by the clerk of this Court on June 8, 2005 pursuant to Rule 41(b). NCCI has good cause why this case should be reopened as settlement was not reached between NCCI and the defendants and, therefore, NCCI has not had a fully and fair opportunity to litigate the instant case to a resolution. In further support of hereof, NCCI submits the following:

1.  This case has its origins in litigation and criminal proceedings against Joseph Gall ("Gall") that have been pending before this Court for now over ten (10) years.

PJM/27103/7/728911v1
06/21/05-HRT/

2.  In 1997, Gall was convicted in the United States District Court, District of Connecticut, on numerous counts of fraud in connection with Worker's Compensation Insurance that Gall purchased from NCCI.

3.  S&J Realty Corp. commenced an action in the New York Supreme Court, Bronx County, against, *inter alia*, Gall, the defendant Caro & Graifman, PC ("Caro & Graifman"), and NCCI seeking foreclosure of a certain mortgage dated November 1, 1984 against real estate owned by Gall (the "*New York* action").

4.  On or about October 5, 2000, NCCI commenced the present action against Gall and Caro & Graifman seeking to recover funds which represent the proceeds of the liquidation of Gall's interest in a certain parcel of property in New York City. This action involves issues that are separate and apart from those litigated in the *New York* action and its resolution is not dependent on the outcome of the *New York* action.

5.  At the June 4, 2004 status conference held before Judge Nevas, Caro & Graifman requested that the present action be stayed pending the resolution of the *New York* action which apparently was on the brink of settlement. Caro & Graifman conveyed to the Court and to NCCI their belief that the present action would be resolved upon reaching a settlement in the *New York* action.

6. On or about July 15, 2004, a settlement was reached in the *New York* action which, contrary to the prediction of Caro & Graifman, has not resulted in the resolution of the present action.

7. By Notice dated April 12, 2005, the Court notified the parties that the above-captioned action would be dismissed unless "satisfactory explanation of why it should not be dismissed is submitted to the Court by May 2, 2005." Said Notice, however, was neither received by NCCI nor David E. Rosengren, lead counsel for NCCI. On June 13, 2005, the undersigned was advised by Alice Montz, deputy clerk of this Court, that the Notice was sent via mail to Mike Fusco, Esq., who resigned from Pepe & Hazard, LLP on November 19, 2003. Accordingly, NCCI did not have the opportunity to provide a "satisfactory explanation" to the Court as to why the case should not be dismissed. Had undersigned counsel received the Notice, he would have responded immediately.

8. By Order dated June 8, 2005, the Court ordered as follows:

> that this action is dismissed, pursuant to Local Rule 41(b), formerly Local Rule 16(b), without costs to any party and without prejudice to the right of any party thereto to move

within 30 days hereof, upon good cause shown, to re-open the case if the settlement has not been consummated.

9. NCCI hereby now moves to reopen the case because it has good cause why the action should not be dismissed. Namely, that settlement has not been reached between the parties in this case, despite the settlement of the *New York* action, and that NCCI has valid claims against both defendants that have not been resolved and which it desires to continue to actively pursue. Accordingly, dismissal of this action would be prejudicial to NCCI because it has not had a full and fair opportunity to litigate this action to a resolution.

WHEREFORE, NCCI requests that the action be reopened.

                                           **PLAINTIFF:**
                                           **NATIONAL COUNSEL ON**
                                           **COMPENSATION INS. CO.**

                                           By: _____
                                              David E. Rosengren (CT 05629)
                                              Peter J. Martin (CT 26576), of
                                              Pepe & Hazard LLP
                                              Goodwin Square
                                              225 Asylum Street
                                              Hartford, CT 06103
                                              Tel. No. (860) 522-5175

5

## ORDER

The foregoing Motion having been heard, IT IS HEREBY ORDERED: **GRANTED/DENIED**.

> BY THE COURT
>
> _____
> Judge/Clerk

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on June 21, 2005, to all counsel of record, as follows:

**COUNSEL FOR CARO & GRAIFMAN, P.C.**
Alan M. Friedman
Caro & Associates, P.C.
399 Knollwood Road
White Plains, NY 10603

**JOSEPH GALL,** *PRO SE*
(#12209-014)
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

David E. Rosengren

7