FILED

2007 MAR -6 P 3: 22

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------
NATIONAL COUNCIL ON COMPENSATION :
INSURANCE, INC.
                       Plaintiffs,      :
                                  :
                                  :
v.                                    :
                                  :
CARO & GRAIFMAN, P.C.; and JOSEPH :
GALL,
                                  :
                     Defendants.    :
-------------------------------------------------

Civil Action No.:
300CV 1925 (AHN)

MARCH 6, 2007

### MOTION FOR CONTINUANCE

The Plaintiff, National Council on Compensation Insurance, Inc. ("NCCI"),

hereby requests a continuance of the settlement conference scheduled for March 22, 2007

at 2:00 p.m.

The captioned matter is related to a matter which arose out of a restitution order

issued by the United States District Court District of Connecticut (Nevas, J.) on July 30,

1997 ("Restitution Order") regarding the assets of Mr. Joseph M. Gall. A copy of the

Restitution Order is attached hereto as **Exhibit A**. Pursuant to the Restitution Order,

NCCI has actively pursued the assets of Joseph M. Gall, one of which is a part

ownership interest in an apartment building located in New York City, New York known

as Trinity Apartments ("Trinity"). In July 2004, NCCI, Caro & Graifman, Joseph Gall,

DER/27103/7/805993v1
03/02/07-HRT/

and others, entered into a Stipulation of Settlement ("Stipulation") in the case of *S&J Realty Corp. v. Thomas V. McLaughlin, et al.*, Index No. 21438/99, pending in the Supreme Court of the State of New York whereby Trinity was to be sold and a portion of the proceeds put into an escrow account pending resolution of all pending litigation between Caro & Graifman and NCCI.  A copy of the Stipulation of Settlement is attached hereby as **Exhibit B**.

Although NCCI is and has been willing to enter into good faith settlement negotiations in the above-captioned case, NCCI has historically taken the position with Caro & Graifman that it is not willing to enter into settlement negotiations of the above-captioned matter until the sale of Trinity has been consummated and the proceeds placed in escrow.

As of the date of this motion, while NCCI is optimistic that a closing on Trinity can be scheduled in the near future, it is unlikely that the closing will take place prior to the date scheduled for the settlement conference in the above-captioned case.  NCCI therefore requests a brief continuance of the settlement conference for a brief period of time to allow Trinity to close.  To that end, NCCI respectfully requests that the settlement conference be continued to a date not yet certain and that NCCI report to the Court on or before March 31, 2007 with the status of the Trinity closing.  Once the sale of Trinity has been accomplished, NCCI agrees to schedule a settlement conference at

2

the Court's earliest convenience in an attempt to resolve the above-captioned matter.

Undersigned counsel attempted to contact opposing counsel on March 2, 2007, but was advised he was in the hospital.

WHEREFORE, NCCI respectfully requests a continuance of the settlement conference in this case and that NCCI be ordered to report to the Court on the status of the Trinity closing by no later than March 31, 2007, at which time the court will take further action to reschedule the settlement conference.

Respectfully Submitted,

PLAINTIFF:

NATIONAL COUNCIL ON
COMPENSATION
INSURANCE, INC.

By: _____
David E. Rosengren
Pepe & Hazard, LLP
Its Attorneys
225 Asylum Street
Hartford, CT 06103
Tel: 860-522-5175

3

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, via first class mail, this 6th day of March 2007, to all counsel and parties of record as follows:

Chase Caro, Esq.
Caro & Associates, P.C.
60 East 42nd Street
Suite 2001
New York NY 10165

David E. Rosengren

4

EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA :

v.

:     Crim. No. 3:95CR98 (AHN)

JOSEPH GALL :

## ORDER OF RESTITUTION

On July 24, 1997, Joseph Gall, represented by counsel, was presented before this Court to determine restitution, and his ability to remit restitution, now and in the foreseeable future.

After examination, through counsel, of Joseph Gall, and considering the presentations of counsel for Mr. Gall, as well as counsel for co-defendant Thomas McLaughlin and the government, the Court finds the identifiable victims of Joseph Gall's criminal conduct, and their financial losses, to be: American International Group, $5,150,493; American Policyholders' Insurance Company, $3,419,883; and the National Council on Compensation Insurance ("N.C.C.I."), $5,147,254. The total loss is determined to be $13,717,630.

Notwithstanding the misleading written and verbal representations of Joseph Gall, which the Court views as a deliberate attempt by Mr. Gall to obscure his true financial status, the Court has determined that Mr. Gall presently has, and will have, ability to make full restitution. Accordingly,

IT IS ORDERED that Joseph Gall make $13,717,630 in restitution. Disbursement of the restitution is to be made to the

2

victims as follows: $5,150,493 to American International Group, in care of Chase Manhattan Bank, New York, NY, ATTN: AIG Risk Management Special Business, Reference: Employee Staffing of America, Contract No. 146800, policy year 7/25/90 to 1991; $3,419,883 to American Policyholders' Insurance Company, 11 North Avenue, Burlington, MA; $5,147,254 to National Council on Compensation Insurance ("N.C.C.I."), 750 Park of Commerce Drive, Boca Raton, FL 33487.

IT IS FURTHER ORDERED that if any disbursements of restitution funds are made under this Order by the Clerk of this Court, such disbursements are to be made to the above-listed victims in the following percentages: American International Group, 37.5%; American Policyholders' Insurance Company, 25%; and the National Council on Compensation Insurance ("N.C.C.I."), 37.5%, such percentages reflecting the victims' proportionate losses.

IT IS ORDERED that the monies identified in Joseph Gall's April 25, 1997 Personal Financial Statement as the "Fleet Trust Account, loss risk retention for Employee Staffing of America's Rhode Island bond," are to be forwarded immediately to the Court by Rhode Island officials upon their release. A separate order directing the Trustee, the Director of the Rhode Island Department of Labor, to release said monies will issue from this Court.

IT IS ALSO ORDERED that Mr. Gall's $50,000 cash bond be immediately applied to this Order of Restitution.

3

IT IS ORDERED that all assets described in Joseph Gall's April 25, 1997, Personal Financial Statement are subject to this Order of Restitution. IT IS FURTHER ORDERED that Mr. Gall neither liquidate, transfer, or alienate any assets, nor close or transfer any personal or corporate bank accounts, except in satisfaction of this Order, and he shall identify the sources of all monies applied to this Order of Restitution. Upon request by the identified victims in this crime, the probation department is to provide a copy of Mr. Gall's April 25, 1997 Personal Financial Statement and all applicable attachments to that document.

IT IS ORDERED that the restitution of $13,717,630 required by this Order is to be paid immediately. However, should any restitution balance remain unpaid at the time of Mr. Gall's release from prison, payment of that balance shall constitute a special condition of his five-year term of supervised release. In the event that this restitution balance becomes a special condition of supervised release, the amount of monthly payments to be made while on release shall be determined by this Court following Mr. Gall's release from incarceration.

SO ORDERED this 30 day of July, 1997 at Bridgeport, Connecticut.

Alan H. Nevas
United States District Judge

I hereby certify that the foregoing
is a true copy of the original
on file  Date:........DEC 2 8 1998..

KEVIN F. ROWE
Clerk

By
Deputy Clerk

EXHIBIT B

# GEORGE D. SALERNO

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

| | |
|---|---|
| S & J REALTY CORP.,<br><br>     Plaintiff<br><br>v.<br><br>THOMAS V. MCLAUGHLIN, JOSEPH GALL, CARO & GRAIFMAN, P.C., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD FIRE AND BUILDINGS, NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC., FDM, INC., DEPARTMENT OF HOUSING, PRESERVATION AND DEVELOPMENT, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, EMPLOYEE STAFFING OF AMERICA, INC, and JOHN DOE #1 THROUGH JOHN DOE #200, The last two hundred names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>     Defendants | _So - ORDERED_<br>STIPULATION OF SETTLEMENT<br><br>Index No.: 21438/99 |

STIPULATION, made this 15TH day of JULY, 2004 between S & J REALTY

CORP., ("S&J"), THOMAS V. MCLAUGHLIN ("McLaughlin"), JOSEPH GALL ("Gall"),

CARO & GRAIFMAN, P.C. ("C&G"), NATIONAL COUNCIL ON COMPENSATION

INSURANCE, INC., ("NCCI"), EMPLOYEE STAFFING OF AMERICA, INC. and their

parent, subsidiary, or affiliate entities, divisions, branches, shareholders, owners, predecessors,

successors, assigns, heirs, beneficiaries, representatives, executors, administrators, servants,

agents, officers, directors, employees, attorneys, and designees (collectively the "Parties")

**WHEREAS,** S & J commenced this action for foreclosure upon a mortgage dated November 1, 1984 ("the 1984 Mortgage"), which 1984 Mortgage is a lien on the property and Trinity Apartments located at 2105 Daly Avenue, Bronx, New York (the "Property");

**WHEREAS,** the managing agent of the Trinity Apartments, Metropolitan Realty Corp. ("Metropolitan") is presently holding in escrow, approximately Six Hundred Seventy Five Thousand Dollars ($675,000) (the "Escrow Account");

**WHEREAS,** Gall and McLaughlin may have unequal contributions of money held in the Escrow Account and it is the intent of the Parties that any payments received by S&J hereunder and all costs and expenses related to the sale of the Property are made equally between Gall and McLaughlin;

**WHEREAS,** the Parties desire to settle this foreclosure action upon the Property as to the claims of S&J; and

**WHEREAS,** NCCI, C&G and Gall wish to reserve their rights with respect to the distribution of Gall's share of the Property and the rents, profits and proceeds thereof.

**NOW THEREFORE,** in consideration of the premises, mutual promises or covenants, and agreements herein contained, as well as other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The Property shall be immediately listed for sale with the brokerage firm of CB Richard Ellis, who will conduct a mail auction. All parties wishing to purchase the Property above a minimum knockdown price shall submit a signed contract with the purchase price contained in the contract, along with a check in the amount of ten percent (10%) of

the proposed purchase price. The highest bidder shall proceed to closing within sixty (60) calendar days after notification to the highest bidder (the "Sale");

2. An accounting of the Escrow Account, along with any additional funds currently held on behalf of Gall and/or McLaughlin by Metropolitan, shall be provided by Metropolitan to S&J, NCCI and McLaughlin. Said accounting shall provide an itemization of the source of all monies in the Escrow Account and from whose share of the rents and profits the money came. Said accounting shall also determine the additional amount necessary for McLaughlin to contribute so that any payment received by S&J hereunder and all costs and expenses related to the Sale are paid equally by both Gall and McLaughlin (the "Shortage").

3. In the event an accounting cannot or is not performed by Metropolitan to the satisfaction of all Parties, the accounting firm of Raich Ende Malter & Co., LLP, located at 90 Merrick Ave., East Meadow, NY 11554-1567, shall be employed to ascertain an accounting of the Escrow Account. Any reasonable and necessary costs of preparing said accounting shall be paid from the Escrow Account.

4. Carolyn R. Naranjo, Esq., located at 746 Merrick Road, Baldwin, NY, shall be retained to represent the Parties in all aspects related to the Sale of the Property, including coordinating the sale and consummating a closing for the Sale of the Property.

5. Within five (5) business days of the date this Stipulation is "so ordered", McLaughlin shall order a title report identifying all liens on the property, including but not limited to, liens which have attached solely to Gall's interest and liens which have attached solely to McLaughlin's interest, which must be satisfied in order to provide a buyer with clear title

("Liens").

6.  The proceeds of the Escrow Account shall be distributed as follows:

> (a)  The agent of the Escrow Account shall be directed, by copy of this "so ordered" Stipulation, within ten days of the within Stipulation being "so ordered", to pay over to S & J the sum of Four Hundred Thousand Dollars ($400,000.00).  If the sum of $400,000 is not paid from the Escrow Account to S&J or its legal representative within 10 days of this Stipulation being "so ordered," S&J shall also be paid interest on that amount at the rate of 10% per annum commencing from the 11[th] day after the Stipulation is "so ordered" until such time as S&J is paid the $400,000 in full.

> (b)  The agent of the Escrow Account shall be directed, by copy of this "so ordered" Stipulation, within ten days of the within Stipulation being "so ordered", to pay over to NCCI the sum of Two Hundred Thousand Dollars ($200,000.00) from the Escrow Account.

> (c)  Necessary expenses related to the Sale of the Property required to be paid prior to or at the closing shall be paid from the Escrow Account.

> (d)  To the extent that there is any money left in the Escrow Account after payment as set forth hereunder, the remainder of McLaughlin's share, if any, shall be paid to him, and the remainder of Gall's share, if any, shall be paid to NCCI.  If McLaughlin's contribution to the escrow account is insufficient to pay one-half of the payment to S&J and one-half to the costs of Sale, a deduction from McLaughlin's half of the Sale proceeds will be paid to NCCI.

7.  Simultaneously with the execution of the within Stipulation, Gall agrees to execute a deed to be held in escrow by Carolyn R. Naranjo, Esq., pending a Sale of the Property, and Gall further agrees to execute any documents necessary to effectuate a Sale of the Property.

8.  Chase Caro agrees to use his best efforts to obtain Gall's signature on this Stipulation along with a deed for the Sale of the Property and any other documents necessary to

effectuate the Sale.

9.      Prior to closing NCCI and C&G agree to execute a release of lien on the Property, in a form acceptable to the title company.  NCCI's and C&G's liens, if any, shall attach to the proceeds of the Sale, subject to NCCI and C&G's claims and defenses against the other.

10.     Gall represents that he has made an informed decision with respect to this Stipulation and has had the opportunity to have this Stipulation reviewed by counsel of his choosing.

11.     Upon the Sale of the Property and a satisfactory completion of the accounting of the Escrow Account, the proceeds of the Sale, subject to any necessary adjustment as set forth in paragraph 6(d) shall be distributed as follows:

    (a)     Two Hundred Fifty Thousand Dollars ($250,000.00) shall be paid over to S&J within 10 days of the closing on the Property.  S&J shall also be paid interest on this $250,000 amount at the rate of 10% per annum commencing from the 11th day after this Stipulation is "so ordered" until such time as S&J is paid the $250,000 in full.

    (b)     Carolyn R. Naranjo, Esq. shall be reimbursed for any and all expenses incurred by her associated with the Sale of the Property, including reasonable attorneys' fees related to the Sale of the Property, including coordinating the Sale and consummating the closing.

    (c)     Brokerage fees, any outstanding taxes on the Property and properly recorded liens, excluding C&G, with priority to NCCI shall be paid at closing from the Sale proceeds.

    (d)     All Liens subordinate to NCCI, shall be paid at closing from the Sale proceeds due to McLaughlin.

    (e)     Court-ordered reasonable attorney's fees incurred in obtaining the consent of Gall, as set forth herein, will be paid to C&G in the event Chase Caro is able to obtain Gall's

consent to and signature on the within Stipulation and deed as referred to in paragraph "7" herein. Caro's motion for attorneys' fees shall be made on notice to all Parties pursuant to CPLR §2214.

(f)    After distribution of the proceeds as set forth in paragraphs 11(a) through (e) above, the remaining proceeds shall be split as follows: McLaughlin shall receive fifty (50%) percent of the remaining proceeds, less the amount of the Shortage and any adjustment made pursuant to paragraph 6(d).

(g)    After distribution of the proceeds as set forth in paragraph 11(f), and subject to the liens of C&G and NCCI, as set forth in paragraph 9, in the event C&G and NCCI have not made any arrangements as to the disposition of the remaining proceeds, if any, an amount equal to the principal amount of C&G's purported mortgage lien on Gall's interest in the Property (the "C&G Mortgage") shall be placed into an escrow account to be held by Carolyn R. Naranjo, Esq. and C&G and NCCI shall execute and be governed by, an escrow agreement in a form satisfactory to Carolyn R. Naranjo, Esq. until such time as either: (i) all pending litigation between C&G and NCCI is finally resolved; or (ii) NCCI and C&G sign a written agreement with respect to the C&G Mortgage.

(h)    Any remaining Sale proceeds shall be paid to NCCI.

12.    This Stipulation may be executed in counterparts and each counterpart when taken together shall have the same force and effect as if a single, original document had been signed by the Parties.

13.    This Stipulation shall have no force and effect until such time as it has been "so ordered" by the Court.

14.    An Order of the Court may be entered upon this Stipulation without further notice to any party in this case.

15.    This Stipulation constitutes and embodies the entire agreement between the Parties hereto; this Stipulation may not be changed or terminated except in writing signed by all the

Parties.

   **IN WITNESS WHEREOF,** the undersigned have executed this Stipulation

as set forth by our hands below:


Dated: August _____, 2003

GOODWIN PROCTER, LLP

~~EISMAN, LLP~~

By: _____      FREDERICK R. McGOWEN, ESQ.
~~ROBERT KARMEN, ESQ.~~
Attorneys for Plaintiff
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

ABRAMS, FENSTERMAN, FENSTERMAN FLOWERS &

By: _____
MARK ZAFRIN, ESQ.
Attorneys for Defendant
THOMAS V. McLAUGHLIN
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2306


JOSEPH GALL

By: _____
JOSEPH GALL #12209-014
Defendant Pro Se
~~Allenwood Federal Prison Camp~~
~~P.O. Box/1000, Route 15~~
~~Montgomery, PA  17752~~
FEDERAL PRISON CAMP
FT. DIX, N.J.

CARO & ASSOCIATES, P.C.

By: _____
ALAN FRIEDMAN, ESQ.
Attorneys for Defendant Caro &
Graifman, P.C.
399 Knollwood Road, Suite 216
White Plains, New York 10603
(914) 422-3911


EXECUTED BEFORE ME
AT FORT DIX NEW JERSEY
THIS 18 DAY OF JUNE 2004

ALAN M. FRIEDMAN
AN ATTORNEY AT LAW
OF THE STATE OF NEW JERSEY

MORITT HOCK HAMROFF
& HOROWITZ LLP

By: _____
AMY ZAMIR, ESQ.
Attorneys for Defendant
NATIONAL COUNCIL ON
COMPENSATION INSURANCE, INC.,
400 Garden City Plaza, Suite 202
Garden City, New York 11530
(516) 873-2000

EMPLOYEE STAFFING OF
AMERICA, INC.

By: _____
JOSEPH GALL, #12209-014
Allenwood Federal Prison Camp       FORT DIX FPC
P.O. Box 1000, Route 15             FORT DIX, NJ
Montgomery, PA 17752

EXECUTED BEFORE ME
AT FORT DIX, NEW JERSEY
THIS 18 DAY OF JUNE 2004
ALAN M. FRIEDMAN
AN ATTORNEY AT LAW OF
THE STATE OF NEW JERSEY

SO ORDERED:

July 15, 2004 _____
Honorable George B. Salerno, J.S.C.

\\Ntserver\CLIENTS\NATIONAL\GALL\S&J Realty\Stip082103.doc

GEORGE D. SALERNO