UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC. et al., | : |
| Plaintiffs, | : Civil Action No.: |
| | : 3:00 CV 1925 (AHN) |
| v. | : |
| CARO & GRAIFMAN, P.C., and JOSEPH GALL, | : |
| Defendants. | : OCTOBER 10, 2007 |

---

## PLAINTIFFS' STATEMENT OF THE CASE

This case has its origins in the conviction of the Defendant Joseph Gall ("Gall") who, in 1997, was convicted in the United States Federal District Court (*United States v. Joseph Gall*, Crim. No. 3:95CR98 (AHN)) on charges, among others, of criminal fraud perpetrated against the Plaintiffs in this civil action. In connection with his criminal conviction, Gall was required to prepare for the court a personal financial statement (Form PROB 48A (12/87)) setting forth, among other things, his assets, for the purpose of allowing the court to determine Gall's ability to remit restitution to the Plaintiffs. Gall prepared and submitted that form to the Court on or about April 25, 1997. On July 24, 1997, Gall appeared before the court, at which time the court issued an Order of Restitution. The Order of Restitution required that Gall pay the Plaintiffs a total of $13,717,630.

Simultaneous with Gall's preparation and submission of his financial statement, Gall also executed a mortgage in favor of his then attorney, the other Defendant in this case, Caro & Graifman, P.C. ("C&G"). The mortgage purported to give C&G a security interest in two properties owned by Gall, one known as "UPACA" and the other as "Trinity". The mortgage was in the amount of $800,000 and purported to secure a promissory note executed by Gall as consideration of legal services provided to Gall by C&G. Mention of the mortgage was

conspicuously absent from Gall's financial statement.

The Plaintiffs intend to prove at trial that the mortgage constituted a fraudulent transfer, at common law and/or by statute, because it was conveyed by Gall for the purpose of shielding his ownership interests in UPACA and Trinity from the restitution order. The Plaintiffs also seek a declaration from the Court that the mortgage is invalid because of the failure of the underlying obligation it purports to secure (the payment for legal services provided to Gall by C&G) due to (1) a lack of consideration and/or (2) Gall did not contract with C&G to pay for legal services provided to any person or entity other than Gall himself.

Respectfully Submitted,

PLAINTIFFS:

NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC., AMERICAN INTERNATIONAL GROUP & AMERICAN POLICY HOLDERS INSURANCE COMPANY

By: _____
David E. Rosengren (ct05629)
drosengren@pepehazard.com
Frank A. Sherer III (ct27149)
fsherer@pepehazard.com
Pepe & Hazard, LLP
Its Attorneys
225 Asylum Street
Hartford, CT 06103
Tel:   860-522-5175
Fax:   860-522-2796

FAS/27103/3/829347v1
10/10/07-HRT/

## CERTIFICATION

I hereby certify that on October 10, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: _____

Frank A. Sherer III
Fed. Bar No. ct27149
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone: (860) 522-5175
Fax: (860) 522-2796
E-mail: fsherer@pepehazard.com

FAS/27103/7/829343v1
10/10/07-HRT/