Ronald M. Gutwirth, Esquire
90 South Main Street
Orange, New Jersey 07050
(973) 678-8660
Attorney for Caro & Associates, P.C.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL COUNCIL ON COMPENSATION INS. INC. | 3:00 CV 1925 (AHN) Hon. Alan H. Nevas, U.S.D.J. |
| v. | **PROPOSED JOINT STATEMENT OF THE CASE** |
| CARO & GRAIFMAN, P.C. & JOSEPH GALL | |

(a). List all parties and all claims alleged in the complaint, being sure to specify who asserts which claim(s) against whom.

    The parties in this case are plaintiff National Council on Compensation Insurance Inc., Caro & Graifman, P.C., defendant counterclaimant and Joseph Gall, defendant. Plaintiff's claim that a mortgage between Caro & Graifman and Joseph Gall for eight hundred thousand dollars to secure thirty one months of legal services between September 26, 1994 through April 26, 1997 was a fraudulent conveyance because it prevented Gall from paying a thirteen million, seven hundred seventeen thousand, six hundred thirty dollar restitution judgment entered on July 30, 1997. The restitution judgment was entered approximately two and a half months after the recordation of Caro & Graifman's mortgage on May 14, 1997.

    Defendant Caro & Graifman denies that the mortgage represents a fraudulent conveyance but constitutes bona fide consideration for an antecedent debt based on legal services provided to Joseph Gall and his affiliated companies. Defendant contends that plaintiff cannot meet the burden of C.G.S.A. § 52-552f(a) which requires "a party who seeks to establish that a debtor has made a fraudulent conveyance must prove (1) that the debtor made the transfer without obtaining reasonable equivalent value in exchange of the transfer; and (2) that the debtor became insolvent as a result of the transfer. <u>In re Carrozzella & Richardson</u>, 286 B.R. 480, 485 (D.Conn. 2002). <u>In re All-Type</u>

Printing, Inc., 274 B.R. 316, 322-323 (Bkrtcy.D. Conn. 2002). Defendant contends that plaintiff cannot meet the required burden of proving a fraudulent conveyance which requires a party who alleges that a transfer is fraudulent bears the burden of proving fraud by clear and convincing evidence. In re Carrozzella & Richardson, 286 B.R. 480, 485 (D.Conn. 2002); In re All-Type Printing, Inc., 274 B.R. 316, 322 (Bkrtcy.D. Conn 2002); Tessitore v. Tessitore, 31 Conn.App. 40, 42-43, 623 A.2d 496 (1993) (cited under C.G.S. § 52-552 (repealed)).

(b). List the claims that will be pursued at trial.

Defendant has filed a counterclaim seeking a determination that the mortgage between Caro & Graifman and Joseph Gall is valid as it constitutes bona fide consideration for an antecedent debt. The counterclaim seeks counsel fees, interest and costs pursuant to the terms of the mortgage agreement and prejudgment interest pursuant to C.G.S.A. 37-3a or N.Y.C.P.L.R. § 5001(a).

(c). List the defenses that will be pursued at trial. See (a) and (b).

(d). Briefly summarize the plaintiff(s)' and defendant(s)' theories of the case. See (a) and (b).

(e). Identify issues that the court will need to address prior to trial. For every issue listed, parties must represent that they have made a good faith, albeit unsuccessful, effort to resolve such issue.

None.