UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL COUNSEL ON COMPENSATION INSURANCE, INC., et al, : : : Plaintiffs, : : v. : : CARO & GRAIFMAN, P.C. and JOSEPH GALL, : : : Defendants : | Civil Action No.: 3:00 cv 1925 (AHN) October 12, 2007 |

**STIPULATION OF UNCONTESTED FACTS
AND STATEMENT OF CONTESTED ISSUES OF FACT AND LAW**

The Plaintiffs and Defendants hereby submit this stipulation of uncontested facts and statement of contested issues of fact and law.

**STATEMENT OF STIPULATED FACTS**

1.      At all relevant times, the Plaintiff National Council on Compensation Insurance, Inc. ("NCCI") was a corporation organized and existing under the laws of the state of Delaware with a principal place of business located in Boca Raton, Florida.

2.      At all relevant times, the Plaintiff American International Group, Inc, ("AIG") was a corporation organized and existing under the laws of the state of Delaware with a principal place of business located in New York.

3.      At all relevant times, the Plaintiff American Policyholders Insurance Company ("APIC") was a corporation organized and existing under the laws of the state of Massachusetts with a principal place of business located in Burlington, Massachusetts.

4.      At all relevant times, the Defendant Caro & Graifman, P.C. ("Caro & Graifman") was a professional corporation organized and existing under the laws of the

1

state of New York with a principal place of business located in New York.

5. The Defendant Joseph Gall ("Gall") is an individual who currently resides at 36 Woodside Avenue in Elmsford, New York.

6. On September 24, 1997, Chase Caro, Esq. wrote a letter to Gall in which he proposed that the firm of Caro & Graifman perform a minimum of 300 hours of services to Gall and his related companies and employees at a discounted rate of $100.00 per hour providing that $30,000.00 per month was paid in advance on the first of each month.

7. Although Gall never signed the agreement or sent it back to Caro & Graifman, he agreed that he was bound by the hourly rate set forth in the proposed agreement

8. During the 31 months in which Caro & Graifman represented Gall and his companies, Gall made only one $30,000.00 pre-payment: the first payment required on September 24, 1994.

9. Caro & Graifman filed suit against Gall, Gloria Stevens, Employee Staffing of America, Inc. and Labor Force of America Inc. in the Supreme Court of the State of New York by way of a complaint dated November 19, 1996 and with an index number of 96-120477.

10. On April 4, 1997, judgment was entered against Gall in the criminal action captioned United States of America v. Joseph Gall, Criminal Action No. 3:95CR98, for the federal offenses of conspiracy, mail fraud, false statements, and failure to file tax returns.

11. On April 24, 1997, Gall executed a promissory note in favor of Caro & Graifman which was secured by a mortgage executed on April 30, 1997 on two New York properties commonly known as 28105 Daly Avenue, Bronx, New York and 124-137 E. 17th St., New York, New York.

12. The mortgage between Gall and Caro & Graifman was recorded in the New York County Clerk's Office on May 9, 1997.

13. On July 24, 1997, a restitution hearing was held in the criminal action captioned United States of America v. Joseph Gall, Criminal Action No. 3:95CR98.

14.     On July 31, 1997, the court entered a restitution order against Gall in favor of NCCI, AIG, and APIC in the amount of $13,717.630.00.

15.     On June 21, 2007, Chase Caro pleaded guilty in the criminal action captioned <u>The People of the State of New York v. Chase Caro</u>, Indictment Nos. 0382S/2007 and 0383S/2007, to the class C felony of grand larceny in the second degree.

## CONTESTED ISSUES OF FACT ADVANCED BY PLAINTIFFS

1.      Caro & Graifman did not keep contemporaneous time records of the legal services provided by Gall or any Gall-related entities.

2.      Caro & Graifman did not enter into a contract to provide legal services with any individual or entity other than Gall.

3.      Caro & Graifman did not provide Gall or any Gall-related entities with legal services worth $800,000.

4.      Caro & Graifman and Gall had knowledge of the impending restitution order when they entered into the transaction evidenced by the mortgage and the promissory note.

5.      When preparing and submitting the personal financial statement submitted to the court, Gall failed to disclose the obligation evidenced by the promissory note and secured by the mortgage.

## CONTESTED ISSUES OF FACT ADVANCED BY
## DEFENDANT COUNTERCLAIMANT CARO & GRAIFMAN

1.      Within the first month that Caro & Graifman worked on the Gall files, Caro & Graifman and Gall agreed that the minimum amount of work necessary to service Gall would be 400 hours per month.

2.      The change in the oral agreement between Caro & Graifman and Gall to increase Caro & Graifman's minimum monthly workload to 400 hours per month did not increase the monthly prepaid retainer obligations of Gall which remained at $30,000.00 per month but increased the overall obligation of Gall to $40,000.00 per month.

3.      During the 31 month period between September 23, 1994 and April 24, 1997, Caro & Graifman worked on transactional matters, employment matters and the following litigated matters: <u>Labor Force of America, Inc. v. Commissioner of Internal Revenue</u>, (U.S. Tax Court, Docket No. 12010-96); <u>Employee Staffing of America, Inc. v. William M. Mercer, Inc.</u> (U.S. District Court for the Southern District of New York; Civ. No. 96 Civ. 2054 (LAP); <u>Joseph Gall; Thomas V. McLaughlin; and MacGall Associates Limited Partnership v. Summit, Rovins and Feldesman; Summit, Solomon and Feldesman, f/k/a Summit, Rovins and Feldesman; Kenneth McCallion and Bernard Persky</u> (Supreme Court of the State of New York, County of New York, Index No. 29668/92); <u>Al Ray Roberts v. Rumore Construction Corp. v. Douglas S. Plotke, Jr., Inc. v. Employee Staffing of America, Inc.</u> (Supreme Court of the State of New York, County of Nassau, Index No. 885/92TP); <u>Commissioners of the State Insurance Fund v. Employee Staffing of American, Inc.</u>, (Supreme Court of the State of New York, County of New York, Index No. 405891/95); <u>National Council on Compensation Insurance, the National Workers' Compensation Reinsurance Pool; Maine Workers compensation Residual Market Pool; The Aetna Casualty and Surety Company; Employers Insurance of Wausau, a Mutual Company; the Travelers Insurance Company; Insurance Company of North America; and the Fidelity & Casualty Company of New York v. Joseph Gall; Gloria Stevens; Susan L. Gregory a/k/a Susan M. Gregory; Employee Staffing of America, Inc.; Labor Force of America, Inc.; Employee Staffing, Inc.' Lasoa World-Wide, Inc., a/k/a Lasoa, Inc.; Hu-Ramco, Inc.; Danforth M. Smith; McLaughlin Associates; and Peter J. McLaughlin;</u> (U.S. District Court for the District of Connecticut; Case No. B90-cv-246 (EBB)); <u>National Union Fire Insurance Company v. Employee Staffing of America, Inc.; and Joseph Gall</u> (U.S. District Court for the District of Connecticut, Case No. 3:93 cv 02504 (EBB); <u>Labor Force of America, Inc. and Employee Staffing of America, Inc. v. National Council on Compensation Insurance</u> (U.S. District Court for the District of Connecticut, Case No. 393 cv 495 (TFGD); <u>Labor Force of America, Inc. v. Damman Associates, Inc.</u> (Superior Court, Judicial District of Stamford/Norwalk at Stamford, Case No. cv 95 0148893 S); <u>Labor Force of America, Inc. v. Moore's Moving and Storage, Inc.</u>, Superior Court, Judicial District of Stamford/Norwalk at Stamford); <u>Orsine, Cotter & Carson, Inc. v. Joseph Gall</u> (Superior Court, Judicial District of Waterbury at Waterbury, Docket No. cv 9100101834S); and <u>Jose F. Mejia v. USA Car Rental and Employee Staffing of America, Inc.</u> (Circuit Court of the Ninth Judicial Circuit In And For Orange County, Florida, Case No. CI95-6705).

4.      Gall never required Caro & Graifman to submit itemized bills or time records but relied on his meeting with Chase Caro, his receipt of case documents, his participation in and supervision of the work, and his knowledge of what lawyers other than Caro & Graifman charged him for similar work to establish that Caro & Graifman spent a minimum of 400 hours per month on his cases.

5. As a result of the lack of billing requirements for Gall, the only attorneys to keep complete or partial time records relating to their work performed for Gall and his companies were Brian Graifman, Esq. and Neil Grossman, Esq. who kept comprehensive records and Chase Caro, Esq. who kept partial records.

6. Caro & Graifman contends that it provided a minimum of 400 hours per month in legal services to Gall and his related companies which was secured by a mortgage recorded prior to the restitution order of July 31, 1997 and the mortgage constituted bona fide consideration for an antecedent debt which as a matter of fact and law cannot be a fraudulent conveyance.

7. In December of 1996, approximately a month after Caro & Graifman purchased an index number for the New York State Supreme Court lawsuit against Gall, Gall and Caro & Graifman entered into an agreement in which Joseph Gall agreed to pay Caro & Graifman the sum of $40,000.00 per month and 7.5% of ordinary expenses and some extraordinary expenses in settlement of the lawsuit.

8. Pursuant to the terms of the settlement agreement, Gall owed Caro & Graifman $645,000.00 for unpaid legal fees and costs.

9. The agreement provided that if Gall made a cash payment, the settlement would be $645,000.00 but $800,000.00 if he was unable to make payment immediately.

10. The mortgage and note provided for the payment of interest if Gall's obligations were not paid on demand and provided for the payment of counsel fees to Caro & Graifman if it was made a defendant in any proceeding which challenged the validity of the mortgage.

11. On April 25, 1997, Gall executed a financial statement in the criminal action captioned United States of America v. Joseph Gall, Criminal Action #3:95CR98, which did not refer to the mortgage or promissory note, but referred to $645,000.00 in debt for legal fees which Gall testified was the amount owed to Caro & Graifman.

12. Caro & Graifman contends that because the mortgage constituted bona fide consideration for an antecedent debt which was recorded two and a half months prior to the restitution judgment, the subjective intent of either Gall or Caro & Graifman to make the future restitution judgment subordinate to Caro & Graifman's mortgage is irrelevant and cannot be the basis for deeming the mortgage fraudulent.

5

13.     Caro & Graifman contend that assuming arguendo that the court deems the subjective intent to make the future restitution judgment subordinate to Caro & Graifman's mortgage has relevance to the issue of whether the mortgage is a fraudulent conveyance, the court's conclusion in its July 30, 1997 judgment that Gall had funds to pay NCCI $13,717.630.00 in restitution precludes the argument that a mortgage from Gall of $800,000.00 to Caro & Graifman rendered Gall insolvent.

14.     Caro & Graifman contend that pursuant to the mortgage agreement, promissory note and the common law of Connecticut and New York and the statutory prejudgment interest provisions of C.G.S.A. § 37-3(a) and N.Y.C.P.L.R. 5001(a), Caro and Graifman is entitled to statutory interest on the mortgage and counsel fees and costs from the monies held in escrow.

15.     Caro & Graifman contend that the absence of contemporaneous time records is irrelevant because the within action is not a fee shifting case, the client, Gall, did not require time records, and the evidence at trial establish by overwhelming proof that Caro & Graifman performed a minimum of $400.00 hours per month of legal services to Joseph Gall and his related companies from September 24, 1994 through April 24, 1997.

16.     Caro & Graifman is also owed $22,000.00 in legal fees for services performed in the UPACA closing which was previously agreed to by NCCI.

## CONTESTED ISSUES OF LAW ADVANCED BY PLAINTIFF NCCI

1.      The failure of Caro & Graifman to keep contemporaneous time records of the legal services provided to Gall and any Gall-related entities during the relevant time period precludes recovery for those services or, at the very least, precludes recovery of the full amount sought by Caro & Graifman for the legal services provided to Gall and any Gall-related entities during which the relevant time period  because there is no basis upon which the Court could accurately estimate the value of the legal services allegedly provided to Gall by Caro & Graifman.

2.      No contract for legal services existed between Caro & Graifman and any other individual or entity other than Gall.

3.      Gall conveyed an invalid mortgage to Caro & Graifman because the promissory note fails for lack of consideration.

4.      Gall fraudulently conveyed his interest in the "Trinity" and "UPACA" properties to Caro & Graifman.

6

## CONTESTED ISSUES OF LAW ADVANCED BY
## DEFENDANT COUNTERCLAIMANT CARO & GRAIFMAN

1. Caro & Graifman deny that plaintiff can prove by clear and convincing evidence that the mortgage from Gall to Caro & Graifman is a fraudulent conveyance because the mortgage constituted bona fide consideration for an antecedent debt.

2. Caro & Graifman contend that the oral agreement and/or the unsigned letter of retention provide a contractual or quantum merit basis for payment of legal services to Caro & Graifman.

3. Caro & Graifman contend that the absence of contemporaneous time records is irrelevant in the context of the within case which is not a fee shifting case but a case in which the client did not require time records and in which there is overwhelming evidence that Caro & Graifman performed more than 400 hours per month of legal services to Gall and his companies from September 24, 1994 through April 24, 1997

                Respectfully submitted,

                PLAINTIFFS:
                NATIONAL COUNCIL ON
                COMPENSATION INSURANCE, INC,
                AMERICAN INTERNATIONAL GROUP &
                AMERICAN POLICY HOLDERS
                INSURANCE COMPANY

                By: /s/ David E. Rosengren
                DAVID E. ROSENGREN, ESQ.
                drosengren@pepehazard.com
                Frank A. Sherer, III
                fsherer@pepehazard.com
                Pepe & Hazard, LLP
                Its Attorneys
                225 Asylum St.
                Hartford, CT  07103
                Tele:  (860)522-5175
                Fax:   (860)522-2796

FAS/27103/7/829586v1
10/12/07-HRT/

DEFENDANT COUNTERCLAIMANT:
CARO & GRAIFMAN, P.C.


By:   /s/ Ronald M. Gutwirth
RONALD M. GUTWIRTH, ESQ.
RonGutwirthEsq@aol.com
90 South Main Street
Orange, NJ  07050
Tele:  (973)678-8660
Fax:   (973)325-2589

8