UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC. | : | Civil Action No.: |
| | : | 3:00cv 1925 (AHN) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CARO & GRAIFMAN, P.C. and JOSEPH GALL, | : | |
| | : | |
| Defendants | : | |

---

**BRIEF IN SUPPORT OF DEFENDANT COUNTERCLAIMANT'S
ENTITLEMENT TO INTEREST ON ANY AWARD ON
THE COUNTERCLAIM**

---

RONALD M. GUTWIRTH, ESQUIRE
90 S. Main St.
Orange, NJ  07050
Telephone:  (973)678-8660
Attorney for Defendant
Counterclaimant
Caro & Graifman, P.C.

TABLE OF CONTENTS TO DEFENDANT COUNTERCLAIMANT'S BRIEF

Page

STATEMENT OF PROCEDURAL HISTORY  . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I.    THE COURT SHOULD GRANT CROSSCLAIMANTS
            INTEREST ON THE EIGHT HUNDRED THOUSAND
            DOLLAR MORTGAGE BECAUSE CONNECTICUT
            AND NEW YORK LAW ENTITLE A MORTGAGOR
            TO INTEREST AT STATUTORY RATES IF THE
            MORTGAGE IS NOT PAID ON DEMAND  . . . . . . . . 4

POINT II.   C&G IS ENTITLED TO PREJUDGMENT INTEREST
            BECAUSE CONNECTICUT AND NEW YORK LAW
            ENTITLE A PARTY TO PREJUDGMENT INTEREST ON
            UNPAID CONTRACTUAL OBLIGATIONS  . . . . . . . . 8

POINT III.     C&G'S ENTITLEMENT TO INTEREST SHOULD BE
            DETERMINED BY THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF CONNECTICUT BECAUSE THE
            UNITED STATES DISTRICT COURT HAS ASSUMED
            JURISDICTION OF ALL DISPUTES PERTAINING TO THE
            PARTIES ENTITLEMENT TO THE MORTGAGE PROCEEDS    12

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . 17

CASES CITED

All Terrain Properties, Inc. v. Hoy, 265 A.D. 2d 87,
705 N.Y.S.2d 350,  (A.D. 1 Dept. 2000) . . . . . . . . . . 15

Black v. White &Case, 288 A.D.2d 407, 721 N.Y.S.2d 44,
45-46 (A.D. 1 Dept. 2001) . . . . . . . . . . . . . . . . 14

Capital Telephone Company, Inc. v. Pattersonville
Telephone Company, Inc., 56 N.Y.S.2d 11,
451 N.Y.S.2d11 13-14 (1982) . . . . . . . . . . . . . . . 15

Carey v. Nui-Hin Lauw, 140 F.Supp.2d 291, 298-299
(S.D.N.Y. 2001)  . . . . . . . . . . . . . . . . . . . . 8

Colorado River Water Conservation Dist. v. United States,
424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976 . . . 13

Entron Inc. v. Affiliated FM Ins. Co., 749 F.2d 127,
131 (2nd Cir. 1984) . . . . . . . . . . . . . . . . . . 5

Fusco v. Kraumlap Realty Corp. 1 A.D.3d 189,
767 N.Y.S.2d 84, 88 (A.D. 1 Dept. 2003) . . . . . . . . . 15

Henry Moskowitz v. B.F. & W. Realty Co., 221 A.D.2d
188, 653 N.Y.S.2d 161 (A.D. 1 Dept. 1995) . . . . . . . . 16

Hustnar v. Schetter, 284 A.D. 2d 499, 728 N.Y.S.2d
479, 481 (A.D. 2 Dept. 2001) . . . . . . . . . . . . . 6, 7

Killion v. Davis, 69 Conn. App. 366, 793 A.2d
1237 (Conn. App. 2002) . . . . . . . . . . . . . . . . . 8

Krol v. Goldring, 38 Conn. Sup. 610, 458 A.2d
15 (Conn. Super. 1982) . . . . . . . . . . . . . . . . . 9

Leonia Bank v. Kouri, 3A.D.3d 213, 772 N.Y.S.2d 251,
255-256 (A.D. 1 Dept. 2004) . . . . . . . . . . . . . . 14

Maas v. Cornell University, 94 N.Y.2d 87, 721
N.E.2d 966 (1999) . . . . . . . . . . . . . . . . . . . 14

Matter of Aurecchione v. New York State Div. of
Human Rights, 98 N.Y.2s 21, 27, 744 N.Y.S.2d 349,
771 N.E.2d 231 (2002) . . . . . . . . . . . . . . . . . 10

Millazo v. Schwartz, 44 Conn. App. 402, 690 A.2d
401, 404 (Conn. App. 1997), certif. denied 240 Conn.
926, 692 A.2d 1282 (1997) . . . . . . . . . 8, 9, 10, 11

National Council on Compensation Insurance v.
Caro & Graifman, 259 F.Supp.2d 172, 178-179
(D.Conn. 2003) . . . . . . . . . . . . . . . . . . . . 13

Patron v. Konover, 35 Conn. App. 504, 517, 646 A.2d
901, cert. denied, 231 Conn. 929, 648 A.2d 879 (1994) . . . . . 9

Peoples Savings Bank v. Corrado, 198 A.2d 209,
210 (1964) . . . . . . . . . . . . . . . . . . . . . . 5, 7

Spodek v. Park Property Development Assoc., 96 N.Y.2d
577, 759 N.E. 2d 760, 783 N.Y.S. 2d 674 (Ct. App. 2001) . . . 10

155 Henry Owners Corp. v. Lovlyn Realty Co., 231 A.D.2d
599, 647 N.Y.S2d 30 (A.D. 2 Dept. 1996) . . . . . . . . . 10

COURT RULES AND STATUTES

CGSA § 37-1 . . . . . . . . . . . . . . . . . . . . . . 5
CGSA § 37-3a . . . . . . . . . . . . . . . . . 8, 9, 12
CPLR § 5001(a) . . . . . . . . . . . . . . . 10, 11, 12
Uniform Commercial Code § 3-118[d] . . . . . . . . . . . . . . 6
Uniform Commercial Code § 3-122[4] . . . . . . . . . . . . . . 6

STATEMENT OF PROCEDURAL HISTORY

The within matter is an action in which National Council on Compensation Insurance, Inc. (hereinafter "NCCI") has filed suit against Caro & Graifman, P.C. (hereinafter "C&G") and Joseph Gall (hereinafter "Gall") contending that a mortgage in the principal amount of eight hundred thousand dollars executed to satisfy attorneys fees for a thirty one month period in which C&G represented Gall and companies in fourteen litigated matters is invalid because the mortgage is a fraudulent conveyance within the meaning of CGS §552 et seq. (See complaint of NCCI which is attached to the affidavit of Ronald M. Gutwirth, hereinafter "Gutwirth affidavit" as Exhibit A). As part of the defenses to NCCI's complaint, C&G assert that between 1993 through 1997, C&G performed significant and substantial legal services on a continuing basis to Gall entities in which Gall had an interest, and that the mortgage which was executed several months prior to a restitution order against Gall was a legitimate lien for unpaid bills. (See first defense of C&G, paragraphs 34-37. A copy of C&G's answer and counterclaim is attached to the Gutwirth affidavit as Exhibit B). C&G has filed a counterclaim which asserts that despite overwhelming proof of C&G's substantial work on Gall's cases, NCCI issued the within action in which it knowingly, wilfully and intentionally abused the process and power of the court to harass C&G and its principals, to prolong this unnecessary litigation, to cause C&G and its principals to expend large sums of

money in defense of the action and to conduct an improper fishing expedition of the files of an adversary law firm.    (See C&G answer, defenses and counterclaims, paragraphs 59-61).    C&G seeks the dismissal of NCCI's complaint, a declaration of the validity and enforceability of the mortgage between Gall and C&G, the release of funds owed to C&G from the sales of the two properties which were the subject of the mortgage, counsel fees, and costs and damages incurred in the defense of the within lawsuit.    (See C&G's prayer for relief, pages 11-12).    Although it is the practice of the court to forego pretrial briefing  and require the parties to present proposed findings of fact and conclusions of law on the basis of the trial transcripts, the court granted C&G counsel's request to permit pre-trial briefing on the issue of whether C&G is entitled to interest on the mortgage proceeds.

STATEMENT OF FACTS

On or about April 30, 1997, Gall and C&G entered into an agreement in which eight hundred thousand dollars indebtedness was secured by a mortgage and two properties located in New York City commonly known as 2105 Daly Avenue and 124-137 E.17th St., New York, New York.  (See mortgage, page 1.  A copy of the mortgage is attached to the Gutwirth affidavit as Exhibit C).  The mortgage was filed in the Bronx County Clerk's Office on May 9, 1997.  Page 2, paragraph 4 of the mortgage stated that the mortgagor and mortgagee agreed:

2

That the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any instalment of principal or of interest.

Paragraph 12 of the mortgage provided:

That if any action or proceeding be commenced (including an action to foreclose this mortgage or collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest therein at the rate of six per cent, per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any motion or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

Paragraph 16 of the mortgage stated:

If the mortgagor fails to pay any installment of principal or interest on any prior mortgage when the same becomes due, the mortgagee may pay the same, and the mortgagor on demand will repay the amount so paid with interest thereof at the legal rate and the same shall be added to the mortgage indebtedness and be secured by this mortgage.

Paragraph 20 of the mortgage referred to a mortgage note and stated:

All of the terms and conditions of the Note

3

are hereby incorporated and made a part of this Mortgage.

The promissory note secured by the mortgage stated:

The indebtedness evidenced by this Note shall become immediately due and payable at the option of the Payee after the occurrence of one or the following events: (a) upon the failure by the Maker to tender $800,000.00 to the Payee immediately upon demand; (b) upon the admission, in writing, of the Maker of its inability to pay any of its debts generally as the same become due.

Paragraph 4, page 1 of the promissory note entered between C&G and Gall states:

Should the indebtedness evidenced by this note or any part thereof be collected at law or in equity, or in bankruptcy, receivership or any other court proceeding or should this Note be placed in the hands of attorneys for collection, the Maker agrees to pay, in addition to the principal amount and interest thereon, all costs of collecting or attempting to collect this Note, including, without limitation, reasonable attorneys, fees and expenses.

<u>ARGUMENT</u>

I.  THE COURT SHOULD GRANT CROSSCLAIMANTS INTEREST ON THE EIGHT HUNDRED THOUSAND DOLLAR MORTGAGE BECAUSE CONNECTICUT AND NEW YORK LAW ENTITLE A MORTGAGOR TO INTEREST AT STATUTORY RATES IF THE MORTGAGE IS NOT PAID ON DEMAND

The court should award interest on any sums which are secured by the mortgage between C&G and Gall because Connecticut and New York law entitle a mortgagor to the statutory rate of interest if the mortgage is payable on demand. In an action based on diversity of citizenship, the entitlement to pre-judgment interest is determined by the rule of the jurisdiction whose law determines

4

liability.  <u>Entron Inc. v. Affiliated FM Ins. Co.</u>, 749 F.2d 127, 131 (2nd Cir. 1984).

In <u>Peoples Savings Bank v. Corrado</u>, 198 A.2d 209 (1964), plaintiff foreclosed on a note secured by a mortgage which provided for interest but did not state the specific interest rate. Defendant contended that the absence of an interest rate in the mortgage agreement deprived plaintiff of the right to collect interest.  In rejecting defendant's contention, the court held that the interest rate set by:

> As we understand the defendant's claim, it is that the failure to set out specifically in the mortgage deed the rate of interest charged and the failure to state the date of maturity render the mortgage invalid as to the defendant because it would be impossible to ascertain from the land records the precise amount of the debt due.  General Statutes § 37-1, which sets the interest rate at 6 percent a year where the agreement makes no other provision, has to be read in the contract in this case; <u>Ciarleglio v. Benedict & Co.</u>, 127 Conn. 291, 293, 16 A.2d 593; and therefore it fixes the applicable rate of interest. <u>Perry v. Cohen</u>, 126 Conn. 457, 460, 11 A.3d 804.  <u>Peoples Savings Bank v. Corrado</u>, 198 A.2d at 210.

The version of CGSA § 37-1 in effect at the time the mortgage between C&G and Gall was executed states:

> (a). The compensation for forbearance of property loaned at a fixed valuation, or for money, shall, in the absence of any agreement to the contrary, be at the rate of eight per cent a year; and, in computing interest, three hundred and sixty days may be considered to be a year.

(b). Unless otherwise provided by agreement, interest at the legal rate from the date of maturity of a debt shall accrue as an addition to the debt.

In Hustnar v. Schetter, 284 A.D. 2d 499, 728 N.Y.S.2d 479 (A.D. 2 Dept. 2001), plaintiff filed suit on three notes payable on demand which did not contain a specified rate of interest. When plaintiff moved for summary judgment, the motion court did not award any interest to plaintiff because the promissory notes did not specify that the payee was entitled to any interest. In reversing, the Appellate Division recognized that New York law provided for the payment of interest at the New York statutory judgment rate if a promissory note which is payable on demand does not specify a specific rate of interest. The court stated:

> The Supreme Court erred, however, in failing to award the plaintiff interest on the three notes from the date she demanded payment until the date of judgment. Where a note provides for specified interest rate, that rate shall be applied (see, Uniform Commercial Code § 3-122[4]). If a note does not have an interest provision, but is payable on demand, interest accrues from the date of the demand (see, Van Vliet v. Kanter, 139 App. Div. 6903, 124 N.Y.S. 63), and the rate of interest to be applied is the statutory rate for judgment (see, Uniform Commercial Code §§ 3-118[d], 3-122[4]). The first note, payable on demand, provided that interest be paid on the note at the specified rate. The second and third notes were payable on demand but did not include an interest provision. Accordingly, the Supreme Court erred in failing to award interest on all three notes from the date payment was demanded until the date of the judgment. Hustnar v. Schetter, 728 N.Y.S.2d at 481.

6

In the case at hand, both the mortgage and the promissory note refer to an unspecified interest rate which was to be in effect prior to any litigation on the validity of the mortgage if the mortgagor could not pay the mortgage debt on demand.    In his deposition, Gall testified that he understood that   he had an obligation to pay interest on the mortgage and promissory note if C&G "couldn't collect it immediately or in the six month period." (Gall deposition, TR38-16 to 22.   Copy of the pertinent pages of the Gall deposition is attached to the Gutwirth affidavit as Exhibit D).   Although the mortgage modification between C&G and Gall which provided for a specified rate of ten percent  per annum was executed on October 23, 1997, subsequent to the judgment for restitution against Joseph Gall, the mortgage and promissory note which refer to interest predate the judgment of restitution.   On the basis of <u>Peoples Savings Bank v. Corrado</u> and <u>Hustnar v. Schetter</u>, the laws of Connecticut and New York clearly entitle a mortgagee to interest at a statutory rate if a promissory note provides for interest but does not specify a rate.

Interest in the within action is required because Gall's balance owed to C&G at the time of execution of the mortgage note was $655,000.00.   At the agreed upon rate of payment between Gall and C&G of $40,000.00 per month and 7.5 percent for ordinary expenses, Gall was more than a year behind in his payments to C&G and C&G continued to work on his files without payment  despite the

7

fact that Gall's financial and legal difficulties made payment to C&G in the immediate future impossible.  Interest on unpaid legal fees are permissible even if the client does not expressly agree to pay interest providing that the attorney notifies the client of his intent to charge interest and provides  the client with a reasonable opportunity to pay the overdue balance.  <u>Carey v. Nui-Hin Lauw</u>, 140 F.Supp.2d 291, 298-299 (S.D.N.Y. 2001).  In the case at hand, the client has consented to the payment of interest at a reasonable rate.  The court should thus enforce the contract between C&G and Gall.

II.  C&G IS ENTITLED TO PREJUDGMENT INTEREST BECAUSE CONNECTICUT AND NEW YORK LAW ENTITLE A PARTY TO PREJUDGMENT INTEREST ON UNPAID CONTRACTUAL OBLIGATIONS

The court should award prejudgment interest on any sum awarded on the counterclaim because both Connecticut and New York law provide for the award of prejudgment interest on contractual obligations.  C.G.S.A. § 37-3a (statute provides for ten percent prejudgment interest in contract actions); <u>Killion v. Davis</u>, 69 Conn. App. 366, 793 A.2d 1237 (Conn. App. 2002) (employees who filed suit for breach of contract because of failure of employer to pay a bonus entitled to interest because employers nonpayment constituted detention of money by employer); <u>Millazo v. Schwartz</u>, 44 Conn. App. 402, 690 A.2d 401 (Conn. App. 1997), certif. denied 240 Conn. 926, 692 A.2d 1282 (1997) (trial court properly awarded prejudgment interest to defaulting mortgagee  because failure to

pay mortgage constituted wrongful detention of money from mortgagee); Krol v. Goldring, 38 Conn. Sup. 610, 458 A.2d 15 (Conn. Super. 1982) (plaintiff who filed breach of contract action against home inspection company because of failure to advise of extensive defects on his home entitled to prejudgment interest because award of interest was within equitable discretion of the trial court). In Millazo v. Schwartz, 44 Conn. App. 402, 690 A.2d 401 (Conn. App. 1997), plaintiff sold a meat packing business to defendant and the purchase price of the business was secured by a mortgage and promissory note. The trial court contended that the defendant was estopped from pursuing special defenses and awarded plaintiff damages and interest. The court held that the award of prejudgment interest pursuant to C.G.S.A. § 37-3a is discretionary and the standard the court should apply is whether a litigant's acts wrongfully deprived the prevailing party of the use of money. The court concluded that the failure to make payments pursuant to a mortgage agreement constituted wrongful detention of money and entitled the mortgagor to interest. Articulating the rational for its decision, the court stated:

> The allowance of prejudgment interest under§ 37-3a is a matter within the discretion of the trial court... This allowance turns on whether the detention of the money is or is not wrongful under the circumstances..." (Citations omitted; internal quotations marks omitted.) Patron v. Konover, 35 Conn. App. 504, 517, 646 a.2d 901, cert. denied, 231 Conn. 929, 648 A.2d 879 (1994).

> After a hearing on January 3, 1996, the trial court awarded prejudgment interest to the plaintiff . The defendants did not appear at the hearing and did not contest the award until this appeal. We conclude that the trial court properly determined that the defendants breached the agreement by not paying amounts due pursuant to the mortgage notes and, therefore, that the detention of the money was wrongful. Accordingly, we conclude that the trial court did not abuse. <u>Millazo v. Schwartz</u>, 690 A.2d 690 A.2d at 404.

Under New York law, interest on a contractual obligation is mandatory rather than discretionary. C.P.L.R. § 5001(a); <u>Spodek v. Park Property Development Assoc.</u>, 96 N.Y.2d 577, 759 N.E. 2d 760, 783 N.Y.S. 2d 674 (Ct. App. 2001) (party entitled to statutory nine percent rate of interest established by C.P.L.R. § 5001(a)); <u>155 Henry Owners Corp. v. Lovlyn Realty Co.</u>, 231 A.D.2d 599, 647 N.Y.S2d 30 (A.D. 2 Dept. 1996) (plaintiff who filed suit for breach of contract to install replacement windows entitled to prejudgment interest from earliest date of party's ascertainable loss). The New York courts do not require a party to demonstrate "wrongful detention of money to establish entitlement to prejudgment interest, but consider prejudgment interest as "a means of indemnifying an agreed person. <u>Mohassel v. Fenwick</u>, 5 N.Y.3d 544 A.32 N.E.2d 1174, 799 N.Y.Supp. 758, 762, citing <u>Matter of Aurecchione v. New York State Div. of Human Rights</u>, 98 N.Y.2s 21, 27, 744 N.Y.S.2d 349, 771 N.E.2d 231 (2002) [citation and internal quotation marks omitted]). The mandatory award of prejudgment interest in contract actions is apparent from the plain and

10

ordinary language of C.P.L.R. § 5001(a) which states:

> Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

In the case at hand, C&G is entitled to interest regardless of whether the court utilizes the mandatory standard of New York or the discretionary standard of Connecticut. As C&G was entitled to payment for the legal work performed for Gall, the failure of Gall to pay his legal bills and the mortgage and promissory note to secure the legal bills constitutes the wrongful detention of money identical to the non payment of money of the mortgagee in <u>Millazo v. Schwartz</u>, the controlling Connecticut precedent on a mortgagee's entitlement to prejudgment interest upon a mortgagor's default of payment. Moreover, the actions of plaintiff NCCI in filing the within lawsuit have wrongfully detained C&G's use of money. If the NCCI had not filed the within lawsuit, C&G could have sold the mortgage in 1997 because the mortgage of eight hundred thousand dollars was approximately twenty five percent of the approximately three million two hundred thousand dollars which accrued from the sale of the Gall properties in 2007. Any factual and legal judgment which determines that C&G's mortgage constituted bona fide consideration for an antecedent debt provides absolute support for the proposition that the within lawsuit wrongfully detained money

11

from C&G.   The court should thus award C&G prejudgment interest

pursuant to C.G.S.A. § 39:3(a) or C.P.L.R. § 5001(a).

III. C&G'S ENTITLEMENT TO INTEREST SHOULD BE DETERMINED BY THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT
BECAUSE THE UNITED STATES DISTRICT COURT HAS ASSUMED JURISDICTION
OF ALL DISPUTES PERTAINING TO THE PARTIES ENTITLEMENT TO THE
MORTGAGE PROCEEDS

In the New York court litigation, NCCI has contended that C&G

agreed to limit its maximum recovery to the principle sum of eight

hundred thousand dollars because of a stipulation entered into in

the New York State foreclosure action which read:

> After distribution of the proceeds as set
> forth in paragraph 11(f), and subject to the
> liens of C&G and NCCI, as set forth in
> paragraph 9, in the event C&G and NCCI have
> not made any arrangements as to the
> disposition of the remaining proceeds, if any,
> an amount equal to the principal amount of
> C&G's purported mortgage lien on Gall's
> interest in the Property (the "C&G Mortgage")
> shall be placed into an escrow account to be
> held by Carolyn R. Naranjo,  Esq. and C&G and
> NCCI shall execute and be governed by, an
> escrow agreement in a form satisfactory to
> Carolyn R. Naranjo, Esq. until such time as
> either: (i) all pending litigation between C&G
> and NCCI is finally resolved; or (ii) NCCI and
> C&G sign a written agreement with respect to
> the  C&G Mortgage.

As the court is well aware, there was a motion to dismiss the

within lawsuit based on the pendency  of an action filed in the New

York State Supreme Court in which C&G sought to enforce the

priority of its mortgage over the unsecured restitution judgment

against Gall.   NCCI filed motions to dismiss  the New York State

Supreme Court action and opposed C&G's motion to dismiss the within

action.    Relying  on  <u>Colorado  River  Water  Conservation  Dist.  v.</u>
<u>United States</u>,  424  U.S.  800,  817,  96  S.Ct.  1236,  47  L.Ed.2d  483
(1976)  (internal  citations  omitted),  the  court  assumed  jurisdiction
of  all  aspects  of  the  dispute  between  C&G  and  NCCI  over  the
validity  of  Gall's  mortgage  with  C&G.    <u>National  Council  on</u>
<u>Compensation  Insurance  v.  Caro  &  Graifman</u>,  259  F.Supp.2d  172,  178-
179  (D.Conn.  2003).   The  court  stated  that  because  of  Connecticut's
close  proximity  to  New  York,  Connecticut  could  not  be  considered  an
inconvenient  forum.    <u>Id</u>.   The  court  further  concluded  that  the
applicability  of  state  law  did  not  provide  a  basis  for  the  court  to
reject  jurisdiction  because  federal  courts  are  capable  of  applying
state  law  in  diversity  actions.    <u>Id.</u>   The  court  indicated  that  the
assumption  of  jurisdiction  in  the  within  action  would  not  cause
piecemeal  litigation  because  the  New  York  action  had  been  stayed.
<u>Id.</u>  Finally,  the  court  indicated  that  the  exercise  of  jurisdiction
was  crucial  to  protecting  NCCI's  rights  because  the  validity  of  the
mortgage  was  not  challenged  in  the  New  York  State  Supreme  Court
proceeding.    <u>Id.</u>

     As  the  within  court  has  assumed  jurisdiction  of  the  validity
of  C&G's  mortgage,  clearly  a  determination  about  any  interest  rate
due  C&G  is  an  essential  factfinding  function  in  the  determination
of  the  validity  of  a  mortgage.    The  New  York  State  Supreme  Court
action  which  dealt  with  the  priority  of  C&G's  motion  was  dismissed
on  the  basis  of  the  existence  of  the  within  action.    The  sole

reason the foreclosure action in which C&G was a defendant based on
its status as a subordinate mortgagee was that the property which
is the subject of the foreclosure was in New York City.    NCCI's
contention that the court has jurisdiction to determine the
validity of the mortgage but not the interest rate constitutes
shameless forum shopping to encourage piecemeal litigation.  As C&G
has indicated in briefs filed with the New York State Supreme Court
which has not yet decided  C&G's entitlement to interest under the
mortgage, NCCI's contention that the United States District Court
should not decide C&G's entitlement to the mortgage is barred by
the doctrine of judicial estoppel which precludes a party who
successfully assumes a position in a prior legal proceeding to
assume a contrary position in another action.    Maas v. Cornell
University, 94 N.Y.2d 87, 721 N.E.2d 966 (1999) (tenured professor
who filed plenary action against university for failure to observe
procedures and breach of contract could not seek conversion of his
action to Article 78 proceeding when he successfully resisted
university's motion to convert the action into an Article 78
proceeding); Leonia Bank v. Kouri, 3A.D.3d 213, 772 N.Y.S.2d 251,
255-256 (A.D. 1 Dept. 2004) (debtor who argued that she had no
ownership interest in property but was a mortgagee in property
could not allege that she had an ownership interest in property in
a subsequent lawsuit filed by judgment creditor); Black v. White &
Case, 288 A.D.2d 407, 721 N.Y.S.2d 44, 45-46 (A.D. 1 Dept. 2001)

(plaintiff who obtained divorce decree on the basis of separation agreement prepared by law firm barred by judicial estoppel from suing law firm for malpractice based on preparation of the separation agreement); <u>All Terrain Properties, Inc. v. Hoy</u>, 265 A.D. 2d 87, 705 N.Y.S.2d 350, (A.D. 1 Dept. 2000) (President of corporation which obtained forbearance on note until default of a recasted note barred by judicial estoppel from objecting to default judgment based on his signing of the notes in an action to enforce personal guarantee of the note).

NCCI's argument that C&G's entitlement to interest should be determined by the New York State Supreme Court is barred by the doctrine of collateral estoppel because the New York State Supreme Court and the United States District Court for the District of Connecticut determined that the within court is best suited to resolve disputes which pertain to the mortgage after both parties were give a full and fair opportunity to litigate the issues in a prior proceeding. <u>Capital Telephone Company, Inc. v. Pattersonville Telephone Company, Inc.</u>, 56 N.Y.2d 11, 451 N.Y.S.2d 11 13-14 (1982); (radio telephone utilities antitrust action against telephone company is not precluded by collateral estoppel because plaintiff did not have full and fair opportunity to litigate antitrust issue before Public Service Commission); <u>Fusco v. Kraumlap Realty Corp.</u> 1 A.D.3d 189, 767 N.Y.S.2d 84, 88 (A.D. 1 Dept. 2003). (Landlord in action brought by tenant for

damages could not allege that his eviction of the tenant was not wrongful because wrongfulness of the eviction had been established in Housing Court proceedings); <u>Henry Moskowitz v. B.F. & W. Realty Co.</u>, 221 A.D.2d 188, 653 N.Y.S.2d 161 (A.D. 1 Dept. 1995) (Joint venture collaterally estopped from challenging loan call notice issued pursuant to joint venture agreement because validity of the loan call notice had been determined in a prior proceeding). Moreover, since C&G is pursuing a counterclaim against NCCI in the within action and has never waived the counterclaim, NCCI has no basis to claim that the stipulation entered in the New York State Supreme Court foreclosure action constituted a waiver of damages claimed in the within action. Finally the stipulation in the New York State foreclosure action pertained to the pertinent escrow required at the closing and in no way dealt with the merits of the counterclaim in the United States District Court action. As C&G knows that NCCI has sufficient assets to pay any award of interest the court could award C&G, the stipulation regarding the amount of the escrow in the New York State Supreme Court foreclosure action cannot be interpreted as a waiver of any rights to interest under the mortgage. Judicial estoppel, collateral estoppel, the law of the case and common sense mandate that the United States District Court adjudicate C&G's entitlement to interest under the mortgage.

16

<u>CONCLUSION</u>

For the foregoing reasons, the court should award C&G interest in the within action.

Respectfully submitted,

RONALD M. GUTWIRTH
Attorney    for    Defendant
Counterclaimant

Dated:          October 9, 2007

17