UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------------

NATIONAL COUNCIL ON COMPENSATION :
INSURANCE, INC. et al.,                               :
                                                      :
                              Plaintiffs,             :          Civil Action No.:
                                                      :          3:00 CV 1925 (AHN)
v.                                                    :
                                                      :
CARO & GRAIFMAN, P.C., and                            :
JOSEPH GALL,                                          :
                                                      :
                              Defendants.             :          OCTOBER 16, 2007

----------------------------------------------------------------

## PLAINTIFFS' MOTION IN LIMINE

The Plaintiffs, National Council on Compensation Insurance, American International Group, and American Policyholders Insurance Company (collectively the "Plaintiffs"), hereby respectfully request that the Court issue an order precluding:

1. The Defendant Joseph Gall ("Gall") from calling any witnesses at trial;

2. Gall from offering into evidence any exhibits at the trial of this matter except those exhibits which he may need for impeachment purposes or rebuttal and which he could not reasonably anticipate;

3. Gall from offering any deposition excerpts at trial for purposes other than impeachment or cross examination;

4. Gall from objecting to the admissibility, on grounds other than relevance, of the exhibits identified by the Plaintiffs; and

5. Gall from objecting to any deposition excerpts identified by the Plaintiffs as excerpts they intend to offer at trial for purposes other than impeachment or cross-examination.

WHEREFORE, and for the reasons more fully set forth in the accompanying memorandum of law, the Plaintiffs respectfully request that this Court grant this Motion in Limine.

Respectfully Submitted,

PLAINTIFFS:

NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC., AMERICAN INTERNATIONAL GROUP & AMERICAN POLICY HOLDERS INSURANCE COMPANY

By: _____
        David E. Rosengren (ct05629)
        drosengren@pepehazard.com
        Frank A. Sherer III (ct27149)
        fsherer@pepehazard.com
        Pepe & Hazard, LLP
        Its Attorneys
        225 Asylum Street
        Hartford, CT 06103
        Tel:   860-522-5175
        Fax:   860-522-2796

2

## CERTIFICATION

I hereby certify that on October 16, 2007, a copy of the foregoing motion was filed electronically and on October 17, 2007, hand delivered to all counsel and pro se parties of records. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: _____
          Frank A. Sherer III
          Fed. Bar No. ct27149
          Pepe & Hazard LLP
          Goodwin Square
          225 Asylum Street
          Hartford, CT 06103
          Phone: (860) 522-5175
          Fax: (860) 522-2796
          E-mail: fsherer@pepehazard.com

FAS/27103/7/829874v1
10/16/07-HRT/

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------
NATIONAL COUNCIL ON COMPENSATION :
INSURANCE, INC. et al.,
                                  :

                Plaintiffs,      :      Civil Action No.:
                                    :      3:00 CV 1925 (AHN)
v.                                :

CARO & GRAIFMAN, P.C., and        :
JOSEPH GALL,                  :

                Defendants.    :      OCTOBER 16, 2007
------------------------------------------------------------

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

### Introduction

    The Plaintiffs, National Council on Compensation Insurance, American International Group, Inc., and American Policyholders Insurance Company (collectively the "Plaintiffs"), hereby submit this memorandum of law in support of their Motion in Limine. The Plaintiffs respectfully submit that the failure by the Defendant Joseph Gall ("Gall") to comply with the Court's Pre-Trial Order precludes him from offering or objecting to certain evidence at trial.

### Facts

    On August 23, 2007, the Court entered a Pre-Trial Order setting forth various deadlines for the parties to file and object to certain documents and proposed evidence. Gall has not filed anything with the Court nor has he objected to anything filed by the Plaintiffs pursuant to the Pre-Trial Order.

## Argument

**Gall's Failure to Comply with Any of the Deadlines Set Forth in the Court's Pre-Trial Order Denies Him the Right to Offer Witnesses, Exhibits or Deposition Excerpts at Trial or to Object to any of the Plaintiffs' Exhibits or Identified Deposition Excerpts.**

### a.    Witnesses

Paragraph 2 of the Pre-Trial Order required Gall to file his list of witnesses, if any, he intends to call at trial no later than ten days prior to trial. (Pre-Trial Order 1, ¶ 2, Aug. 23, 2007.) "Failure to comply with this paragraph will, in the absence of exceptional circumstances, result in preclusion of a witness's testimony." (Pre-Trial Order 1, ¶ 2.) Gall did not submit any list of witnesses by the required deadline. Unless Gall does not intend to call any witnesses at trial, the Plaintiffs submit that this failure to comply with the Pre-Trial Order precludes Gall from offering any witnesses to testify on his behalf at trial.

### b.    Exhibits

Paragraph 3 of the Pre-Trial Order required Gall to file with the Court an alphabetically marked list of exhibits with a brief description of each on or before ten days prior to trial. (Pre-Trial Order 2, ¶ 3.) "The parties will be precluded from offering into evidence exhibits not so marked and listed, except those that may be needed for impeachment purposes or rebuttal that could not reasonably be anticipated." As with the list of witnesses, Gall has not filed a list of exhibits. Accordingly, and unless Gall does not intend to offer any exhibits at trial except for the limited purposes described in the Pre-Trial Order, Gall's failure to file an exhibit list precludes him from offering any such exhibits at trial.

### c.    Deposition Excerpts

The Pre-Trial Order required Gall to identify deposition excerpts he intended to offer at trial for purposes other than impeachment or cross-examination within three days of the Plaintiffs' identification of the deposition excerpts they intended to offer at trial for

2

purposes other than impeachment or cross-examination. (Pre-Trial Order 3, ¶ 7.) Gall did not identify any such deposition excerpts. Accordingly, the Plaintiffs respectfully submit that this failure precludes Gall from offering any deposition excerpts at trial for any purposes other than impeachment or cross-examination.

### d.    Objections

The Pre-Trial Order also established deadlines by which Gall must have objected to the Plaintiffs' exhibits and to the Plaintiffs' identified deposition excerpts. "Any objection to the admissibility of any exhibit, other than on grounds of relevance, shall be filed with the court three (3) days prior to the trial together with a citation of authorities in support of the specific ground of objection." (Pre-Trial Order 2, ¶ 3.) "Any objection to the introduction of any of [the deposition excerpts the Plaintiffs intend to offer at trial for purposes other than impeachment or cross-examination] shall be filed with the court in writing, together with a citation of authorities in support of the specific ground of objection, no later than four (4) days prior to trial or such objection shall be deemed to have been waived." Gall's failure to object to the Plaintiffs' listed exhibits or the Plaintiffs' identified deposition excerpts by the applicable deadlines waives any objection he may have thereto.

### Conclusion

For the foregoing reasons, the Plaintiffs respectfully request that this Court grant this Motion in Limine and enter an order:

1.   Precluding the Defendant Joseph Gall from calling any witnesses at trial;

2.   Precluding the Defendant Joseph Gall from offering into evidence any exhibits at the trial of this matter except those exhibits which he may need for impeachment purposes or rebuttal and which he could not reasonably anticipate;

3.   Precluding the Defendant Joseph Gall from offering any deposition excerpts at

3

trial for purposes other than impeachment or cross examination;

4.   Precluding the Defendant Joseph Gall from objecting to the admissibility, on grounds other than relevance, of the exhibits identified by the Plaintiffs; and

5.   Precluding the Defendant Joseph Gall from objecting to any deposition excerpts identified by the Plaintiffs as excerpts they intend to offer at trial for purposes other than impeachment or cross-examination.

Respectfully Submitted,

PLAINTIFFS:

NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC., AMERICAN INTERNATIONAL GROUP & AMERICAN POLICY HOLDERS INSURANCE COMPANY

By: _____

David E. Rosengren (ct05629)
drosengren@pepehazard.com
Frank A. Sherer III (ct27149)
fsherer@pepehazard.com
Pepe & Hazard, LLP
Its Attorneys
225 Asylum Street
Hartford, CT 06103
Tel:    860-522-5175
Fax:    860-522-2796

4

## CERTIFICATION

I hereby certify that on October 16, 2007, a copy of the foregoing motion was filed electronically and on October 17, 2007, hand delivered to all counsel and pro se parties of records. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: _____
      Frank A. Sherer III
      Fed. Bar No. ct27149
      Pepe & Hazard LLP
      Goodwin Square
      225 Asylum Street
      Hartford, CT  06103
      Phone:  (860) 522-5175
      Fax:  (860) 522-2796
      E-mail:  fsherer@pepehazard.com

5