UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL COUNCIL ON COMPENSATION INS. INC., | 3:00 CV 1925 (AHN) Hon. Alan H. Nevas, U.S.D.J. |
| Plaintiff | |
| v. | |
| CARO & GRAIFMAN, P.C. JOSEPH GALL, | |
| Defendant Counterclaimant | |

**BRIEF IN RESPONSE TO THE COURT'S QUERY REGARDING SUBJECT MATTER JURISDICTION**

Ronald M. Gutwirth, Esquire
90 S. Main Street
Orange, NJ 07050
Telephone: (973)678-8660
Attorney for defendant counterclaimant
Caro & Graifman, P.C.

TABLE OF CONTENTS TO DEFENDANT COUNTERCLAIMANT'S BRIEF IN RESPONSE TO THE COURT'S QUERY REGARING SUBBECT MATTER JURISDICTION

Page

STATEMENT OF PROCEDURAL HISTORY ................................................................. 1

LEGAL ARGUMENT ............................................................................................................ 3

      POINT I.    THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE WITHIN MATTER BECAUSE A DETERMINATION OF THE LEGITIMACY OF CARO & GRAIFMAN'S MORTGAGE IS ANCILLARY TO ENFORCEMENT OF THE RESTITUTION ORDER ENTERED AGAINST JOSEPH GALL ..................................... 3

CONCLUSION ....................................................................................................................... 8

CASES CITED

Colorado river Water conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.E.2d 483 (1976) ................................................................ 2

Epperson v. Entertainment Express, 242 F.3d 100, 104 (2d Cir. 2001) ............................ 2, 3, 4, 6

Lyndenville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 699 700-704 (2d Cir. 2000) ........................................................................................... 3, 4, 5, 6, 7

NCCI v. Caro & Graifman, 259 F.Supp.2d 172, 176-179 (D.Conn. 2003) ....................... 1, 2, 4, 7

United States v. Porter, 90 F.3d 64, 69-70 (2d Cir. 1996) ...................................................... 6, 7

United States v. Timilty, 148 F.3d, 1, 3 (1st Cir. 1998) ............................................................... 6

## COURT RULES AND STATUTES

C.G.S. 552 ............................................................................................................................. 1

18 U.S.C. § 3663 .................................................................................................................. 5

18 U.S.C. § 3664 .................................................................................................................. 2

18 U.S.C. § 3664(h) ............................................................................................................. 3

18 U.S.C. § 3664(m)(1)(A)(i)(ii)(B) .................................................................................... 6

STATEMENT OF PROCEDURAL HISTORY

The within matter is an action by NCCI to declare a mortgage issued by Joseph Gall to his civil attorneys Caro & Graifman, P.C. a fraudulent conveyance in violation of C.G.S. 552 et seq. which was entered to circumvent a restitution entered by the court against Joseph Gall in the amount of $13,717,630.00. The mortgage between Caro & Graifman and Joseph Gall was executed on or about April 30, 1997 and filed in the Bronx County Clerk's office on May 8, 1997 which was approximately two and one half months prior to the court's entry of a restitution order against Gall. (See statement of stipulated facts, paragraph 10-14). Caro & Graifman contend in their counterclaim that the mortgage between Mr. Gall and Caro & Graifman constituted consideration for an antecedent debt based on Caro & Graifman's performance of thirty one months of legal services to Joseph Gall and his affiliated companies from September 1994 until April of 1997. (See defendant counterclaimant's amended proposed statement of the case, paragraph 2).

On March 31, 2003, the court issued a written opinion denying Caro & Graifman's motion to dismiss National Council on Compensation Insurance's complaint. NCCI v. Caro & Graifman, 259 F.Supp.2d 172 (D.Conn. 2003). In response to Caro & Graifman's argument that the court lacked subject matter jurisdiction because the escrow agreement in the foreclosure action between the parties recognize that jurisdiction vested in the New York Supreme Court, the court held that the agreement did not divest the United States District Court of jurisdiction because the escrow agreement did not indicate that the New York State Supreme Court would be the exclusive court to adjudicate disputes pertaining to the escrow agreement. 259 F.Supp.2d 176-177. In response to Caro & Graifman's argument that AIG and DIPIC deprived the court of diversity jurisdiction because AIG and Caro & Graifman were both New York residents, the

1

court relied on Epperson v. Entertainment Express, 242 F.3d 100, 104 (2d Cir. 2001) for the proposition that a fraudulent conveyance to a non-diverse party could not divest a court of subject matter jurisdiction to effect enforcement of a prior order. 259 F.Supp.2d 176-177. The court also reasoned that since the court entered a restitution order against Gall in favor of plaintiffs, the court retained ancillary jurisdiction to enforce its restitution order and did not require diversity of the parties to execute its enforcement jurisdiction. 259 F.Supp.2d at 177. In response to Caro & Graifman's contention that the New York Supreme Court was the proper venue for the within action, the court noted that Connecticut had substantial contacts with the within facts because the court presided over Gall's criminal case and issued the restitution order, Gall was a Connecticut resident, the mortgage was executed by Gall in Connecticut and the New York State Supreme Court stayed the New York action because of the existence of the United States District Court action. 259 F.Supp.2d at 177. Relying on Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.E.2d 483 (1976) (internal citations omitted), the court assumed jurisdiction of all aspects of the dispute betweenC&G and NCCI over the validity of Gall's mortgage with C&G. NCCI v. Caro & Graifman, 259 F.Supp.2d 172, 178-179 (D.Conn. 2003). The court stated that because of Connecticut's close proximity to New York, Connecticut could not be considered an inconvenient forum. Id. The court further concluded that the applicability of state law did not provide a basis for the court to reject jurisdiction because federal courts are capable of applying state law in diversity actions. Id. The court indicated that the assumption of jurisdiction in the within action would not cause piecemeal litigation because the New York action had been stayed. Id. Finally, the court indicated that the exercise of jurisdiction was crucial to protecting NCCI's rights because the validity of Caro & Graifman's mortgage was not challenged by

2

plaintiffs in the New York State Supreme Court proceeding. Id.

On October 16, 2007, the court issued a letter to counsel questioning the jurisdiction of the court based on Lyndenville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-704 (2d Cir. 2000) (holding 18 U.S.C. § 3664(h) did not create a federal civil cause of action). The court also questioned whether the amended version of 18 U.S.C. § 3664 gave a restitution victim a mechanism for enforcement of a restitution order.

On the initial trial date of October 17, 2007, the court heard from counsel and both parties wished the court to continue to assume jurisdiction in the within case. Counsel argued that Epperson v. Entertainment Express, 242 F.2d 100, 104 (2d Cir. 2001) was appropriate and in fact was decided subsequent to Lyndenville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-704 (2nd Cir. 2000). The court conferred with counsel and the Assistant United States Attorney in charge of the continuing restitution provisions of Gall's sentence and she stated that the United States Attorney's view was that plaintiffs United States District Court action should be permitted. The court indicated that it would continue to exercise jurisdiction in the within case. At the request of counsel for plaintiff, the trial was adjourned from October 17, 2007 until October 24, 2007 because plaintiff's counsel believed that additional briefs were required on the jurisdiction issue.

## ARGUMENT

I. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE WITHIN MATTER BECAUSE A DETERMINATION OF THE LEGITIMACY OF CARO & GRAIFMAN'S MORTGAGE IS ANCILLARY TO ENFORCEMENT OF THE RESTITUTION ORDER ENTERED AGAINST JOSEPH GALL

The court should continue to exercise jurisdiction of the within action because enforcement of a restitution order which plaintiff alleges is defeated by a fraudulent conveyance

3

is within the purview of the United States District Court's ancillary enforcement jurisdiction recognized in <u>Epperson v. Entertainment Express</u>, 242 F.2d 100, 104 (2d Cir. 2001). <u>Lyndenville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-704 (2nd Cir. 2000), the sole controlling authority which led the court to question its subject matter jurisdiction does not provide a basis for sua sponte reversal of the decision in <u>NCCI v. Caro & Graifman</u>, 259 F.Supp.2d 172 (D.Conn. 2003).

In <u>Lyndenville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-704 (2nd Cir. 2000), defendant Roger Lussier was indicted and convicted of seventeen counts of bank fraud, false bank entries, receipt and payment of illegal commissions, money laundering, making false statements to federal bank examiners. As a result of defendant's actions, Lyndenville Savings Bank sustained financial losses which resulted in a restitution order of $426,204.67 which the court ordered paid in installments amounting to at least ten percent of Lussier's gross monthly income. <u>Id.</u> at 699. After entry of the restitution order, the victim, Lyndenville Savings Bank & Trust filed a civil suit in the United States District Court For The District of Vermont based on state law theories including breach of fiduciary duty and fraudulent conveyance. The civil lawsuit sought immediate payment of the entire restitution judgment in direct contradiction to the restitution judgment which limited payment to ten percent of defendants yearly gross income. After a trial, the United States District Court awarded $8,000,000.00 in damages. The District Court denied defendant's motion to dismiss based on lack of subject matter jurisdiction. <u>Id.</u> The Second Circuit Court Of Appeals recognized that the District Court had federal subject matter jurisdiction over the federal claim based on the restitution judgment against Lussier. Noting that numerous uncited cases permit federal suits based on restitution orders, the Second Circuit stated "the District Court therefore correctly exercised federal jurisdiction over the

4

bank's restitution claim." Id. at 701. Plaintiff's problem in Lyndenville was that the restitution order which formed the basis of its federal claim had been withdrawn. Id. at 701. The Lyndenville court noted that although 18 U.S.C. § 3663 could be enforced by means of civil process, 18 U.S.C. § 3663 did not provide a basis for the court "to convert a restitution order to into a civil judgment or modify a restitution order in a civil suit." Id. at 703. The court further noted that all the claims which resulted in an award of $8,000,000.00 to plaintiffs were based under state law. Id. at 704. The court deemed supplemental or pendent jurisdiction inappropriate in the within case because the specific loan which formed the basis for the $8,000,000.00 civil judgment was irrelevant to the withdrawn restitution order. Explaining that the factual circumstances which formed the basis of the abandoned restitution claim was different from the state claim asserted by plaintiff in federal court, the court stated:

> While the Gray loan was relevant to some of the state law claims, it was irrelevant to the federal claim. Indeed, Lussier's central argument in his successful § 2255 challenge to the restitution order (brought after we had refused to entertain it as grounds for a civil case, see Lussier, 104 F.3d at 32) was that the Gray loan was not part of the conduct for which he was convicted. Nor did the existence of the restitution order underlie any of the state claims. Because the state and federal claims share no common nucleus of operative fact, the district court lacked pendent jurisdiction to hear the state law claims. Lyndenville Sav. Bank & Trust Co. v. Lussier, 211 F.3d at 705.

In the case at hand, there are numerous factual distinctions between the instant action and Lyndenville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697 (2d Cir. 2000) which support the exercise of federal jurisdiction in the within action. Firstly, Joseph Gall is the subject of a current, binding restitution order which supports federal question jurisdiction. Lyndenville Sav. Bank & Trust Co. v. Lussier, 211 F.3d at 701. Unlike the plaintiff in Lyndenville who sought to modify and enlarge an invalidated restitution order, plaintiff in the within case seeks

5

enforcement of an existing restitution order. Unlike the plaintiff in Lyndenville which sought to introduce new civil claims against a criminal defendant which increased an invalidated restitution judgment from $426,204.67 to $8,769,740.00, plaintiff in the within action seeks payment of an original, binding restitution order based on the identical conduct which form the basis of Joseph Gall's criminal conviction. As plaintiff's claim is based on a restitution judgment which allegedly cannot be collected because of an alleged fraudulent conveyance, Epperson v. Entertainment Express, 242 F.2d 100, 104 (2d Cir. 2001) provides a valid basis for the court's ancillary jurisdiction.

When counsel, the Assistant Deputy Attorney General and the court reviewed the 2000 version of 18 U.S.C. § 3664, it became clear to all parties that the statute does give victims a means for enforcement of a restitution judgment. 18 U.S.C. § 3664(m)(1)(A) (i)(ii)(B) states:

> An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or
>
> (ii)    by all other available and reasonable means.
>
> (B)    At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent under the same conditions as a judgment of a court of general jurisdiction in that State.

As the court indicated in Lyndenville Sav. Bank & Trust Co. v. Lussier, a restitution order may be enforced by means of civil process. Lyndenville Sav. Bank & Trust Co. v. Lussier, 211 F.3d at 703, citing United States v. Timilty, 148 F.3d 1, 3 (1st Cir. 1998); United States v. Porter, 90

F.3d 64, 69-70 (2d Cir. 1996). As the victim who obtained a restitution judgment has the identical rights of enforcement as a plaintiff in a civil action, there exists no reason to treat a restitution victim differently from a civil judgment creditor who pursuant to <u>Epperson v. Entertainment Express</u>, 242 F.2d 100, 104 (2d Cir. 2001) has the right to seek avoidance of a fraudulent conveyance against a non diverse party if the conveyance impairs the ability to collect on a Federal Court judgment. The court should thus continue to exercise jurisdiction in the within case.

In the event that the court does not believe that it can exercise subject matter jurisdiction, the only alternative would be the immediate dismissal of plaintiff's complaint with prejudice. <u>Lyndenville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-701 (2d Cir. 2000). The dismissal of plaintiff's complaint would render all plaintiff's claims time barred since plaintiffs never filed an answer to Caro & Graifman's complaint in the New York State Supreme Court which was stayed pending disposition of the within action and which the within court recognized as not presenting a challenge to the alleged fraudulent conveyance from Joseph Gall to Caro & Graifman. <u>NCCI v Caro & Graifman</u>, 259 F.Supp.2d at 178-179.

7

## CONCLUSION

For the foregoing reasons, the court should (1) continue to exercise subject matter jurisdiction of the within action and/or (2) alternatively dismiss plaintiff's complaint with prejudice.

                                                Respectfully submitted

                                                /s/ Ronald M. Gutwirth

                                                RONALD M. GUTWIRTH
                                                Attorney for Defendant Counterclaimant
                                                Caro & Associates

Dated:        October 22, 2007