UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

NATIONAL COUNCIL ON COMPENSATION :
INSURANCE, INC., et al., :
: 
                 Plaintiffs, : Civil Action No.:
: 3:00 CV 1925 (AHN)
v. :
:
CARO & GRAIFMAN, P.C., and JOSEPH :
GALL, :
:
                 Defendants. : OCTOBER 23, 2007

---

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF SUBJECT MATTER JURISDICTION

### Introduction

The Plaintiffs, National Council on Compensation Insurance, American International Group, and American Policyholders Insurance Company (collectively the "Plaintiffs"), hereby respectfully submit this memorandum in support of subject matter jurisdiction. For the reasons set forth below, the Plaintiffs submit that section 3664 of title 18 of the United States Code and the applicable case law vest this Court with subject matter jurisdiction over this matter.

### Argument

**I.    18 U.S.C. § 3664(m) Gives Victim's Identified in Restitution Orders Standing to Enforce Those Orders.**

The Mandatory Victims Restitution Act gives victims named in restitution orders the power to enforce those orders. 18 U.S.C. § 3664(m)(1)(B) (setting forth

enforcement mechanisms available to victims named in restitution orders); *see also United States v. Hawkins*, 392 F. Supp.2d 757, 759 (W.D. Va. 2005) ("Under the [Mandatory Victims Restitution Act], a victim named in a restitution order has an independent right to enforce the restitution . . . ."); *United States v. James*, 312 F. Supp.2d 802, 807 (E.D. Va. 2004) ("18 U.S.C. § 3664(m) gives . . . the victim named in a restitution judgment the power to enforce a restitution judgment."). Indeed, the Court, in a related proceeding, has already acknowledged a victim's entitlement to enforce restitution orders. *See United States v. Gall*, Crim No. 3:95CR98(AHN), 1998 U.S. Dist. LEXIS 13489, at *2 (D. Conn. July 7, 1998) ("Pursuant to the [Mandatory Victims Restitution Act], restitution orders may be converted into enforceable civil judgments."). Accordingly and notwithstanding any statutory amendments, the Plaintiffs respectfully submit that the clear language of the statute and the case law interpreting its provisions still vests the Plaintiffs with standing to enforce the restitution order.

II.     **This Court Has Ancillary Enforcement Jurisdiction Over these Proceedings.**

This Court has jurisdiction to preside over these proceedings because the Plaintiffs only seek to enlist the Court's power to enforce its own judgments. The Plaintiffs do not request a determination of any third party's liability with respect to the restitution order entered against the Defendant Joseph Gall ("Gall"). Instead, they merely request the Court's assistance in collecting the judgment rendered against Gall. *See Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 107 (2d Cir. 2001) ("[F]radulent conveyance actions operate as simple collection mechanisms; they do not

2

present a substantive theory seeking to establish liability on the part of a new party not otherwise liable.").

"[A] federal court may exercise ancillary jurisdiction . . . to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, *and effectuate its decrees*." *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (emphasis added) (internal quotation marks omitted). "At its heart, ancillary jurisdiction is aimed at enabling a court to administer justice within the scope of its jurisdiction." *Garcia v. Teitler*, 443 F.3d 202, 208 (2d Cir. 2006). "Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356 (internal quotation marks omitted). "The major purpose of ancillary jurisdiction . . . is to insure that a judgment of a court is given full effect; ancillary orders will issue when a party's actions, either directly or indirectly, threaten to compromise the effect of the court's judgment." *Garcia*, 443 F.3d at 208 (internal quotation marks omitted); *see also Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000) ("Ancillary jurisdiction includes those acts that the federal court must take in order to properly carry out its judgment on a matter as to which it has jurisdiction." (internal quotation marks omitted)).

Although the "boundaries of ancillary jurisdiction are not easily defined and the cases addressing it are hardly a model of clarity," *Garcia*, 443 F.3d at 208, the circumstances underlying the dispute presently before this Court fit squarely within the

3

enforcement jurisdiction described in *Epperson v. Entertainment Express, Inc.* "Where the post-judgment proceeding is an effort to collect a federal court judgment, the courts have permitted judgment creditors to pursue, under the ancillary enforcement jurisdiction of the court, the assets of the judgment debtor even though the assets are found in the hands of a third party." *Id.* at 106. Here, the Defendant Joseph Gall, the judgment debtor, purportedly conveyed his interest in the subject property to the Defendant Caro & Graifman, P.C., and *Epperson* permits the Plaintiffs, as judgment creditors, to seek enforcement of the restitution order in this Court by invoking the Court's enforcement jurisdiction. "[F]raudulent conveyance claims brought in a subsequent action [seeking collection of a judgment do not] require an independent jurisdictional basis." *Id.* at 105. Because the Plaintiffs do not seek to establish the liability of any third party for the restitution order, *Epperson* still vests the Court with subject matter jurisdiction over this controversy. *Id.* at 104. Without such jurisdiction, the Court would be deprived of the complete judicial power conferred to it by the Constitution. *Peacock*, 516 U.S. at 356.

4

## Conclusion

For the foregoing reasons, the Plaintiffs respectfully submit that they have standing to enforce the restitution order and that the Court has enforcement jurisdiction over this controversy.

                        Respectfully Submitted,

                        PLAINTIFFS:

                        NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC., AMERICAN INTERNATIONAL GROUP & AMERICAN POLICY HOLDERS INSURANCE COMPANY

By: _____
        David E. Rosengren (ct05629)
        drosengren@pepehazard.com
        Frank A. Sherer III (ct27149)
        fsherer@pepehazard.com
        Pepe & Hazard, LLP
        Its Attorneys
        225 Asylum Street
        Hartford, CT 06103
        Tel:    860-522-5175
        Fax:   860-522-2796

## CERTIFICATION

I hereby certify that on October 23, 2007, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: _____
Frank A. Sherer III
Fed. Bar No. ct27149
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone: (860) 522-5175
Fax: (860) 522-2796
E-mail: fsherer@pepehazard.com