RONALD M. GUTWIRTH, ESQUIRE
90 S. Main Street
Orange, New Jersey  07050
(973)678-8660
Attorney for Defendant Counterclaimant Caro & Graifman, P.C.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL COUNCIL ON COMPENSATION INS. INC. ) ) ) Plaintiff ) ) v. ) ) CARO & GRAIFMAN, P.C.& ) JOSEPH GALL ) ) Defendant ) Counterclaimant) | 3:00 CV 1925 (AHN) Hon. Alan H. Nevas, U.S.D.J. **AFFIDAVIT OF RONALD M. GUTWIRTH IN SUPPORT OF DEFENDANT COUNTER- CLAIMANT'S NOTICE OF MOTION FOR COUNSEL FEES AND COSTS** NO ORAL ARGUMENT REQUESTED NO TESTIMONY REQUIRED |

I, Ronald M. Gutwirth, being duly sworn according to law, depose upon my oath and say:

1.   I am an attorney admitted to the State of New Jersey and the United States District Court of New Jersey who was admitted pro hac vice to represent defendant counterclaimant Caro & Graifman, P.C. in the above captioned matter.

2.   On the basis of my representation of Caro & Graifman, P.C., I am familiar with the facts set forth in this certification.

3.   In November of 2006, I was asked by Chase Caro to represent Caro & Graifman, P.C. in the within action which was an action to set aside as fraudulent a mortgage given by Joseph Gall

to Caro & Graifman, P.C. for attorney's fees in more than twenty six actions and a counterclaim to deem the mortgage valid and award counsel fees and costs incurred in defending the fraudulent conveyance lawsuit.

4.  At the time I was retained by Mr. Caro, his law firm and personal finances were in dire straits and he could not pay a retainer.

5.  On January 9, 2007, Mr. Caro was arrested for grand larceny and pleaded guilty to grand larceny in the second degree on June 21, 2007 and has never been able to pay me any funds for attorney's fees.

6.  I continued to represent Mr. Caro because he is a good friend who I have known since junior high school in 1970.

7.  Although in normal circumstances I would have asked a client with no funds who had possible entitlement to $1,600,000.00 in civil litigation to sign a contingency fee agreement, a contingent fee agreement is not something I requested in the instant case because a contingent fee might adversely affect Mr. Caro's ability to make restitution in the criminal case.

8.  With Mr. Caro's consent, I am making an application for an attorney's fee from the proceeds of the escrowed funds from the sale of Mr. Gall's properties which is the subject of the

mortgage.

9. The mortgage between Caro & Graifman and Joseph Gall provides for payment of attorney's fees in any lawsuit in which the mortgagee is made a party and in any action or proceeding in which there is litigation to defend or uphold the lien of the mortgage. (See page 2, paragraph 12 of the mortgage between Caro & Graifman and Joseph Gall dated April 30, 1997. A copy of the mortgage is attached to the within affidavit as **Exhibit A**).

10. The $800,000.00 mortgage note dated April 24, 1997 further provides for attorney's fees for the collection of the note. (See page 1, paragraph 4 of the mortgage note which is attached to the within affidavit as **Exhibit B**).

11. As counsel for Caro & Graifman, P.C., I performed the following services in the within matter:

| Date | Time Spent | Services Performed |
|---|---|---|
| 11/14/06 | 4.0 hrs. | Meeting with client at Caro & Associates; review of available Gall files worked on by Caro & Graifman; preparation of demand letter to David Rosengren, Esq. |
| 11/20/06 | 1.0 hr. | Preparation and photocopying of notice of motion to be admitted as a visiting attorney in the United States District Court for the District of Connecticut; |
| 11/20/06 | 4.0 hrs. | Conference with client at Caro & Associates; appearance before Judge Nevas at Bridgeport |

| | | |
|---|---|---|
| 1/20/07 | 4.0 hrs. | Legal research on fraudulent conveyances under Connecticut law |
| 2/10/07 | 4.0 hrs. | Legal research on fraudulent conveyances under Connecticut and New York law; legal research on payment to attorneys as a fraudulent conveyance and the Uniform Fraudulent Transfer Act |
| 3/03/07 | .5 hrs. | E-mail to client recommending disclosure of criminal charges to NCCI |
| 3/04/07 | 4.0 hrs. | Letter memorandum to Honorable Holly Fitzsimmons which briefed fraudulent conveyance issue |
| 3/05/07 | 3.0 hrs. | Revisions of memorandum; telephone conference with client; letter to Dave Rosengren, Esq.; reading and review of e-mail from client regarding memorandum |
| 3/06/07 | .2 hrs. | Revision of letter to Dave Rosengren, Esq. |
| 3/06/07 | .2 hrs. | Telephone conference with client regarding proposed revisions to memorandum to Judge Fitzsimmons |
| 3/06/07 | .5 hrs. | Revisions of memorandum to Judge Fitzsimmons; e-mail to client regarding revisions |
| 3/12/07 | 4.0 hrs. | Legal research on permissibility of compounding interest under New York and Connecticut law |
| 3/14/07 | .5 hrs. | Letter to Dave Rosengren, Esq. regarding escrow requirements of closing |
| 3/14/07 | .5 hrs. | Telephone conferences with Chase Caro regarding NCCI v. Caro & Graifman, threatened adjournments of closing and threatened refusal to escrow sufficient funds from closing to cover Caro & Graifman's lien |

| Date | Hours | Description |
|---|---|---|
| 3/21/07 | 3.0 hrs. | Legal research on permissibility of seeking interest on mortgage without inclusion of rate in mortgage agreement or note |
| 3/21/07 | .5 hrs. | Memorandum to Chase Caro regarding results of research on interest |
| 3/22/07 | .1 hr. | Telephone conference with Carla Caro regarding telephone conference with Judge Nevas's chambers; |
| 3/22/07 | .1 hr. | Telephone conference with Judge Nevas's chambers regarding possible conference with court and counsel on amount to be escrowed to satisfy claims for interest |
| 3/22/07 | 6.0 hrs. | Settlement conference before Judge Fitzsimmons in Bridgeport; travel time to and from New Jersey to Bridgport, CT |
| 4/11/07 | 8.0 hrs. | Travel to White Plains; review of NCCI v. Gall file and synopsis of documents in file; conferences with Chase Caro |
| 4/18/07 | 6.0 hrs. | Travel to White Plains; review of NCCI v. Gall file and synopsis of documents in file |
| 4/21/07 | 2.0 hrs. | Legal research on entitlement to interest pursuant to contractual provisions and court rules of prejudgment interest under New York and Connecticut law |
| 8/23/07 | 8.0 hrs. | Legal research on bases for quantum merit claim for services in absence of a signed agreement under New York and Connecticut law; legal research on permissibility of charging interest on unpaid legal bills under New York and Connecticut law |

| Date | Hours | Description |
|---|---|---|
| 8/24/07 | 6.0 hrs. | File review and summarization of files of Joseph Gall located at Caro & Associates |
| 9/4/07 | 4.0 hrs. | Status conference before Judge Alan H. Nevas |
| 9/19/07 | 11.0 hrs. | File review and summarization of Joseph Gall's files in boxes 4 & 5 which included documents pertaining to NCCI v. Gall, National Union Fire Insurance v. Gall, Summit Rovins v. Gall, Gall v. Summit Rovins, McGall v. Arthur Anderson |
| 9/21/07 | 5.0 hrs. | File review and summarization of Joseph Gall's files in box 6 which included documents pertaining to NCCI v. Gall, National Union Fire Insurance v. Gall, Summit Rovins v. Gall, Gall v. Summit Rovins, McGall v. Arthur Anderson |
| 9/23/07 | 12.0 hrs. | File review and summarization of Joseph Gall's files in boxes 7, 8 & 9 which included documents pertaining to NCCI v. Gall, National Union Fire Insurance v. Gall, Summit Rovins v. Gall, Gall v. Summit Rovins, McGall v. Arthur Anderson |
| 9/25/07 | 8.0 hrs. | Travel from new Jersey to Bridgeport, CT; Settlement conference before Judge Fitzsimmons; conference regarding settlement conference results with Chase Caro; telephone conference with Neil Grossman, Esq. regarding settlement conference results and probable need for trial testimony |
| 10/06/07 | 5.0 hrs. | Legal research on entitlement to interest on mortgage and note without inclusion of rate in note and mortgage |

| | | |
|---|---|---|
| 10/07/07 | 8.0 hrs. | Legal research on entitlement to interest on mortgage and note based on prejudgment interest statutes in New York and Connecticut |
| 10/08/07 | 8.0 hrs. | Preparation of brief and affidavit in support of motion for interest |
| 10/09/07 | 3.0 hrs. | Preparation of proposed joint statement of the case required by Judge Nevas's rules |
| 10/10/07 | 1.5 hrs. | Preparation of individual statement of the case required by Judge Nevas's rules |
| 10/11/07 | 3.0 hrs. | Reading and review of plaintiff's proposed stipulations and contested issues of law and fact; preparation of defendant counterclaimant's proposed stipulations and contested statements of fact and law; telephone conference with David Rosengren, Esq. regarding stipulation; conference at Chase Caro's office regarding stipulation and contested issue of fact and law |
| 10/11/07 | 6.0 hrs. | Review of defendant counterclaimant's exhibits at Caro & Associates office; review of Gall files at Caro & Associates office |
| 10/12/07 | .5 hr. | Revision of defendant counterclaimant's proposed stipulation and statement of contested facts and law and David Rosengren's required revisions; sending e-mail to David Rosengren regarding revisions |
| 10/16/07 | 2.0 hrs. | Reading and review of all case law photocopied on fraudulent conveyances, attorneys fees and interest |

7

| Date | Time | Description |
|---|---|---|
| 10/16/07 | .5 hr. | Conference with Chase Caro regarding memorandum from Brian Lamachia questioning jurisdiction of court |
| 10/16/07 | 2.0 hrs. | Travel to court |
| 10/17/07 | 3.0 hrs. | Oral argument before Judge Nevas regarding jurisdiction; conference with court, Joe Gall, David Rosengren; telephone conference with Assistant U.S. Attorney initiated by the court |
| 10/17/07 | .3 hrs. | Telephone conference with Neil Grossman regarding status of case and adjournment of trial to 10/24/07 |
| 10/17/07 | 4.5 hrs. | Reading of plaintiff's trial exhibits including sentencing and restitution hearing in USA v. Gall |
| 10/18/07 | 2.0 hrs. | Review of defendant counterclaimant's exhibits at Caro & Associates in White Plains |
| 10/20/07 | 3.0 hrs. | Legal research on basis of federal court jurisdiction over restitution issues in order to prepare brief on jurisdiction requested by the court |
| 10/21/07 | 4.0 hrs. | Preparation of brief required by court on federal jurisdiction |
| 10/23/07 | 2.0 hrs. | Revisions on brief on jurisdictional issue required by the court |

| Date | Hours | Description |
|---|---|---|
| 10/23/07 | 2.5 hrs. | Legal research on basis to admit Neil Grossman and Brian Graifman's time records pursuant to business record exception despite the fact that records were not required by Caro & Graifman, legal research on limitations on admissibility of criminal convictions and bad acts pursuant to Federal Rule of Evidence 608 & 609; legal research on constitutional right to counsel in a civil case |
| 10/23/07 | 1.5 hrs. | Meeting with Chase Caro and review of defendant counterclaimant's exhibits in preparation of trial testimony |
| 10/23/07 | 2.0 hrs. | Travel time to White Plains and Bridgeport for trial on 10/24/07 |
| 10/23/07 | 1.0 hr. | Review of prior research on fraudulent conveyances, requirements of billing records for collection of fees, requirements of quantum merit claim for legal services, limitations on admissibility of criminal convictions and bad acts pursuant to Federal Evidence Rules 608-609 |
| 10/24/07 | 8.0 hrs. | Trial time which consisted of direct and cross examination of Joseph Gall, oral motion for dismissal pursuant to Federal Rule Of Civil Procedure 52C; conferences with Chase Caro and Joseph Gall |
| 10/24/07 | .2 hrs. | Telephone conference with Neil Grossman regarding status of trial; scheduling of Neil Grossman's trial testimony for 10/25/07 at 1:00 PM |
| 10/24/07 | .2 hrs. | Telephone conference with Brian Graifman regarding status of trial and scheduling of his testimony for 10/26/07 |

| Date | Hours | Description |
|---|---|---|
| 10/24/07 | 1.5 hrs. | Analysis of direct examination necessary for the continuation of Chase Caro's testimony; consideration of questions for Neil Grossman's direct examination |
| 10/25/07 | 2.0 hrs. | Preparation for direct and cross examination of Neil Grossman and continued examination of Chase Caro |
| 10/25/07 | 8.0 hrs. | Trial which consisted of continued direct examination of Chase Caro, Esq., direct and cross examination of Neil Grossman |
| 10/26/07 | 8.0 hrs. | Trial which consisted of direct and cross examination of Brian Graifman; meeting with Brian Graifman; direct and cross examination of Chase Caro |
| 10/26/07 | 3.0 hrs. | Travel time for return to New Jersey |
| 11/06/07 | 5.5 hrs. | Travel time of 3 ½ hrs. to get to Bridgeport and 2 hrs. to return to New Jersey |
| 11/06/07 | 2.5 hrs. | Preparation for summations, summation and oral argument before Judge Nevas |
| 11/06/07 | 3.5 hrs. | Settlement conference before Judge Fitzsimmons |
| 11/15/07 | 2.0 hrs. | Reading and summarization of trial transcript, pages 1-22 |
| 11/16/07 | 2.0 hrs. | Reading and summarization of trial transcript, pages 23-40 |
| 11/17/07 | 10.0 hrs. | Reading and summarization of trial transcript, pages 41-180 |
| 11/18/07 | 10.0 hrs. | Reading and summarization of trial transcript, pages 181-250 |
| 11/22/07 | 5.0 hrs. | Reading and summarization of trial |

|            |           |                                                                                                                    |
|------------|-----------|--------------------------------------------------------------------------------------------------------------------|
|            |           | transcript, pages 251-300                                                                                          |
| 11/21/07   | 1.0 hrs.  | Reading and summarization of trial transcript, pages 301-310                                                       |
| 11/23/07   | 5.0 hrs.  | Reading and summarization of trial transcript, pages 310-350                                                       |
| 11/24/07   | 6.0 hrs.  | Reading and summarization of trial transcript, pages 350-420                                                       |
| 11/25/07   | 3.0 hrs.  | Reading and summarization of trial transcript, pages 421-449                                                       |
| 11/26/07   | 10.0 hrs. | Reading and summarization of trial transcript, pages 450-549                                                       |
| 11/28/07   | 10.0 hrs. | Reading and summarization of trial transcript, pages 500-617                                                       |
| 12/16/07   | 4.0 hrs.  | Preparation of proposed findings of fact #I (THERE EXISTED A VALID AGREEMENT FOR LEGAL SERVICES BETWEEN JOSEPH GALL AND CARO & GRAIFMAN WHICH PROVIDED FOR PAYMENT OF $40,000.00 PER MONTH TO CARO & GRAIFMAN FOR 400 HOURS OR MORE OF LEGAL SERVICES) dealing with equivalent value of work performed by Caro & Graifman in exchange for mortgage |
| 12/17/07   | 8.0 hrs.  | Preparation of proposed findings of fact #II (CARO & GRAIFMAN'S ATTORNEYS PERFORMED APPROXIMATELY 14,705 HOURS OF SERVICES FOR JOSEPH GALL AND HIS AFFILIATED COMPANIES BETWEEN SEPTEMBER OF 1994 AND APRIL OF 1997) dealing with equivalent value of work performed by Caro & Graifman in exchange for mortgage |
| 12/23/07   | 8.0 hrs.  | Research on effect of crossed out provisions in a mortgage under Connecticut and New York law                      |

| | | |
|---|---|---|
| 12/24/07 | 3.0 hrs. | Preparation of proposed findings of fact #II (CARO & GRAIFMAN'S ATTORNEYS PERFORMED APPROXIMATELY 14,705 HOURS OF SERVICES FOR JOSEPH GALL AND HIS AFFILIATED COMPANIES BETWEEN SEPTEMBER OF 1994 AND APRIL OF 1997) dealing with equivalent value of work performed by Caro & Graifman in exchange for mortgage |
| 12/26/07 | 10.0 hrs. | Preparation of proposed findings of fact #II (CARO & GRAIFMAN'S ATTORNEYS PERFORMED APPROXIMATELY 14,705 HOURS OF SERVICES FOR JOSEPH GALL AND HIS AFFILIATED COMPANIES BETWEEN SEPTEMBER OF 1994 AND APRIL OF 1997) dealing with equivalent value of work performed by Caro & Graifman in exchange for mortgage |
| 12/27/07 | 10.0 hrs. | Preparation of proposed findings of fact #II (CARO & GRAIFMAN'S ATTORNEYS PERFORMED APPROXIMATELY 14,705 HOURS OF SERVICES FOR JOSEPH GALL AND HIS AFFILIATED COMPANIES BETWEEN SEPTEMBER OF 1994 AND APRIL OF 1997) dealing with equivalent value of work performed by Caro & Graifman in exchange for mortgage |
| 12/28/07 | 10.0 hrs. | Preparation of proposed findings of fact #III (CARO & GRAIFMAN AND JOSEPH GALL ENTERED INTO A VALID MORTGAGE AGREEMENT TO SECURE THE UNPAID DEBT OF $645,138.57) |
| 12/29/07 | 10.0 hrs. | Preparation of proposed findings of fact #IV (CARO & GRAIFMAN DID NOT PARTICIPATE IN THE PREPARATION OF JOSEPH GALL'S FINANCIAL STATEMENT TO THE UNITED STATES DEPARTMENT OF PROBATION AND ADVISED THE COURT AND NCCI'S COUNSEL OF ALL OMISSIONS REGARDING THE MORTGAGE IN THE FINANCIAL STATEMENT) |

| Date | Hours | Description |
|---|---|---|
| 12/30/07 | 10.0 hrs. | Legal research and Preparation of proposed conclusions of law (POINT I (NEW YORK LAW APPLIES TO THE WITHIN ACTION BECAUSE MOST OF THE PARTIES ARE NEW YORK RESIDENTS AND NEW YORK HAS THE PRIMARY GOVERNMENTAL INTEREST IN THE CASE) |
| 12/31/07 | 10.0 hrs. | Legal research and Preparation of proposed conclusions of law POINT II (THE MORTGAGE BETWEEN CARO & GRAIFMAN AND JOSEPH GALL IS NOT A FRAUDULENT CONVEYANCE BUT REPRESENTS BONA FIDE CONSIDERATION FOR AN ANTECEDENT DEBT) |
| 1/01/08 | 4.0 hrs. | Legal research and Preparation of proposed conclusions of law POINT III (THE CROSSED OUT PROVISION OF CARO & GRAIFMAN'S MORTGAGE WHICH STATES THAT THE MORTGAGE AMOUNT WAS $340,000.00 DOES NOT PROVIDE EVIDENCE OF A FRAUDULENT CONVEYANCE BECAUSE CROSSED OUT PROVISIONS IN A CONTRACT ARE BARRED BY THE PAROL EVIDENCE RULE) |
| 1/02/08 | 12.0 hrs. | Legal research and Preparation of proposed conclusions of law POINT IV (NCCI CANNOT ESTABLISH THAT THE MORTGAGE AND NOTE BETWEEN CARO & GRAIFMAN WAS NOT MADE IN GOOD FAITH BECAUSE CARO & GRAIFMAN IS NT AN INSIDER TO JOSEPH GALL AND HIS COMPANIES) and POINT V (CARO & GRAIFMAN HAS NO LEGAL RESPONSIBILITY FOR ANY MISREPRESENTATIONS MADE BY MR. GALL IN HIS FINANCIAL STATEMENT SUBMITTED TO THE UNITED STATES DEPARTMENT OF PROBATION) |

| | | |
|---|---|---|
| 1/03/08 | 12.0 hrs. | Legal research and Preparation of proposed conclusions of law POINT V (CARO & GRAIFMAN HAS NO LEGAL RESPONSIBILITY FOR ANY MISREPRESENTATIONS MADE BY MR GALL IN HIS FINANCIAL STATEMENT SUBMITTED TO THE UNITED STATES DEPARTMENT OF PROBATION, POINT VI CARO & GRAIFMAN COMMITTED NO ETHICAL IMPROPRIETIES IN CONTINUING TO REPRESENT JOSEPH GALL AFTER INITIATING A LAWSUIT FOR LEGAL FEES BECAUSE JOSEPH GALL SIGNED A VALID CONFLICT WAIVER AND THE LAWSUIT SETTLEMENT ELIMINATED ANY CONFLICT) and POINT IX (THE MORTGAGE MODIFICATION AGREEMENT IS NOT A FRAUDULENT TRANSFER BECAUSE IT DECREASED JOSEPH GALL'S INTEREST OBLIGATIONS TO CARO & GRAIFMAN) |
| 1/04/08 | 12.0 hrs. | Legal research and Preparation of proposed conclusions of law POINT X (CARO & GRAIFMAN IS ENTITLED TO COUNSEL FEES PURSUANT TO THE TERMS OF THE MORTGAGE AGREEMENT) and POINT XI (THE COURT HAS JURISDICTION OVER CARO & GRAIFMAN'S COUNTERCLAIM BECAUSE THE ISSUES INVOLVED IN THE COUNTERCLAIM ARE IDENTICAL TO THE ISSUES INVOLVED IN NCCI'S FRAUDULENT CONVEYANCE ACTION) |

Total time 404.8 hrs.

12. There is a discrepancy between the number of hours requested in the within affidavit which seeks compensation for 404.8 hours of time and the number of hours sought in conclusion of law X (page 94) which requested compensation for 435.3 hours.

13. The reason for the discrepancy is that the request in the conclusion of law included 30.5 hours spent assisting Caro & Graifman's counsel in the New York State Supreme Court proceeding

captioned S&J Realty Corp. v. McLaughlin, Index No. 21438/99 and all time spent on S&J Realty Corp. has been omitted from the within application.

14. I have been admitted to the New Jersey State Bar and the United States District Court for the District of New Jersey since 1984 and my practice has been completely devoted to litigation matters.

15. Although the vast majority of my practice consists of personal injury and workers' compensation matters in which I am paid pursuant to contingent fees or court awarded fees, my hourly rate charged to individual clients who pay hourly rates between 2003 until the present has ranged between $250.00 and $350.00 per hour.

16. As counsel for Caro & Graifman, P.C., I have incurred the following disbursements in the within matter:

    Federal Expresss to Hon. Holly Fitzsimmons
    on 3/8/07, Inv. #8-735-84094 ......................... 57.84

    Competitive Courier to Caro & Associates on
    4/30/07, Inv. #A32397 ................................ 100.58

    Federal Express to Hon. Alan H. Nevas & Hon.
    Holly Fitzsimmons on 3/22/07, Inv. #8-762-59082 ...... 38.56

    Federal Express to Chase Caro on 10/13/07,
    Inv. #2-328-67791 .................................... 52.55

    Federal Express to Susan e. Catucci @
    US Federal Court on 11/02/07,
    Inv. #2-353-81613 .................................... 20.86

```
Federal Express to Judge Nevas, David
Rosengren, Esq.  Hon. Alan Nevas on
10/10/07 & 10/11/07, Inv. #2-315-42622 ................  58.25

Federal Express to David Rosengren &
Hon. Holly B. Fitzsimmons on 10/03/07,
Inv. #2-302-45026 .....................................  48.36

Competitive Courier to Neil Grossman on
9/20/07, Inv. #A33817 .................................  19.94

Competitive Courier to Chase Caro on
10/23/07, Inv. #A34185 ................................  97.22

Brandon Smith Reporting Service, LLC,
dep. of Joseph Gall on 8/8/07,
Inv. #33633JB ......................................... 266.86

Brandon Smith Reporting Service, LLC,
dep. of Chase Caro on 8/1/07, Inv. #33507JB ........... 508.54

Fed Ex to David Rosengren, Esq. on 8/27/07
Inv. #2-238-50564 .....................................  36.94

Fed Ex to David Rosengren, Esq. on 10/2/07
and Judge Fitzsimmons on 10/3/07,
Inv. #2-302-45026 .....................................  50.39

Susan Catucci, certified court reporter, copy
of trial transcripts .................................. 551.00

Federal Express to Judge Nevas and Clerk on 1/7/08,
Inv. #2-477-89071 .....................................  40.84

Bowles Reporting Service, Inc., copy of trial
summations before Judge Nevas .........................  77.27
```

Total disbursements  ................................... 1,928.78

17. As counsel for defendant counterclaimant, I am making a fee application of $101,200.00 and disbursements in the amount of $1,928.78.

18. I am not making this motion in advance of the judgment because my presumptuousness assures me that I have won the case.

19. I am making the motion in advance of judgment to expedite the completion of the within case since Mr. Caro must make restitution prior to his sentencing of February 25, 2008 and thus have an emergent desire to expedite the entire case.

_____
RONALD M. GUTWIRTH

Sworn and subscribed before
me this 25th day of January,
2008


_____
Dorothy Richmond



DOROTHY RICHMOND
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 3/19/2012

17