REEL14667PG172

THIS MORTGAGE, made t. 30 day of April, nineteen ~~hundred and~~ ninety-seven

BETWEEN

PLAINTIFF
9
ID / FULL
3-00-cv-1925
Date Admitted as Full:

Joseph Gall
385 Pine Street
New Haven, CT

, the mortgagor,

and

Caro & Graifman, P.C.
60 East 42nd Street, Suite 2001
New York, NY 10165

Eight Hundred Thousand XX/100
($800,000.00)    , the mortgagee,

WITNESSETH, that to secure the payment of an indebtedness in the sum of ~~three hundred forty thousand and xx/100 ($340,000.00)~~ dollars, lawful money of the United States, to be paid

~~with interest thereon to be computed from the date hereof at the rate of~~ ~~per centum~~ ~~per annum, and to be paid on the~~ ~~day of~~ ~~19~~ , ~~next ensuing and~~ ~~thereafter,~~

according to a certain bond, note or obligation bearing even date herewith, the mortgagor hereby mortgages to the mortgagee his ~~fifty percent (50%) tenants in common interest in~~ all of his right, title ~~intere~~ and lying and being in the county of the Bronx, City of New York and State of New York, familiarly known as 2105 Daly Avenue Bronx, N.Y. (in and t particularly described in Schedule "A" annexed hereto.

And all that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the County, City and State of New York, familiarly known as 124-136 East 117th Street, New York, New York, as more particularly described in Schedule "A" annexed hereto.

The properties described above and in Schedule A annexed hereto are individually and collectively referred to herein as the "premises".

Over 6 families

TOGETHER with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

TOGETHER with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

TOGETHER with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

AND the mortgagor covenants with the mortgagee as follows:

1. That the mortgagor will pay the indebtedness as hereinbefore provided.

2. That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any instalment of principal or of interest ~~for fifteen days;~~ or after default in the payment of any tax, water rate, sewer rent or assessment; ~~for thirty days after notice and demand;~~ or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any off-sets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in instalments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first instalment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

7. That the mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any off-sets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the mortgagor warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11. That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12. That if any action or proceeding be commenced (including an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent. per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

security for the payment of said indebtedness, and the mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for the purpose of collecting same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, on five days' written notice. The mortgagor will not, without the written consent of the mortgagee, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

14. That the whole of said principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the mortgagee; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the mortgagee; or (d) if the buildings on said premises are not maintained in reasonably good repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within three months from the issuance thereof; or (f) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the mortgagor, in the event of the passage of any law deducting from the value of land for the purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage; or (j) if the mortgagor fails to keep, observe and perform any of the covenants, conditions or agreements contained in any prior mortgage or fails to repay to the mortgagee the amount of any instalment of principal or interest which the mortgagee may have paid on such mortgage with interest thereon as provided in paragraph 16 of this mortgage.* or the note secured hereby

15. That the mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

16. If the mortgagor fails to pay any instalment of principal or interest on any prior mortgage when the same becomes due, the mortgagee may pay the same, and the mortgagor on demand will repay the amount so paid with interest thereon at the legal rate and the same shall be added to the mortgage indebtedness and be secured by this mortgage.

*Strike out clause 11 if inapplicable.*

17. That the execution of this mortgage has been duly authorized by the board of directors of the mortgagor.

18. This mortgage is subject and subordinate to   See Schedule B attached.

19. In the event of sale of the Premises or any part thereof, all sums due under this mortgage will become immediatley due.

20. All of the terms and conditions of the Note are hereby incorporated and made a part of this Mortgage.

21. In the event any one or more of the provisions contained in this Mortgage shall for any reason be held to be invalid, illegal or unenforeceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions of this Mortgage, but this Mortgage shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the mortgagor, the heirs, personal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall enure to the benefit of the mortgagee, the personal representatives, successors and assigns of the mortgagee and all subsequent holders of this mortgage. The word "mortgagor" shall be construed as if it read "mortgagors" and the word "mortgagee" shall be construed as if it read "mortgagees" whenever the sense of this mortgage so requires.

IN WITNESS WHEREOF, this mortgage has been duly executed by the mortgagor

IN PRESENCE OF:

_____
Joseph Gall



personally came Joseph Gall

known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

JEAN A. DANIELS
NOTARY PUBLIC
Notary Public My Commission Expires November 30, 2008

STATE OF NEW YORK, COUNTY OF           ss:

On the       day of            19    , before me personally came
to me known, who, being by me duly sworn, did depose and say that he resides at No.

that he is the
of                     , the corporation described
in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed h   name thereto by like order.

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

REEL 1466 PG 1232

STATE OF NEW YORK, COUNTY OF           ss:

On the       day of            19    , before me personally came
the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he resides at No.

that he knows
to be the individual described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw execute the same; and that he, said witness, at the same time subscribed h   name as witness thereto.

BLOCK: 1644
LOT: 59
COUNTY: New York
ADDRESS: 124-136 East 117th Street
New York, New York

**Mortgage**
(SUBORDINATE)

TITLE No.

Joseph Gall

TO

Caro & Graifman, P.C.

SECTION
BLOCK    3125
LOT      1
COUNTY OR TOWN  Bronx County

2105 Daly Avenue
Bronx, NY
AKA 901 E. 80th St.

RETURN BY MAIL TO:

Caro & Graifman, P.C.
60 East 42nd Street
Suite 2001
New York, NY  Zip No. 10165

This space for use of Recording Office

REEL1466 PG12

Parcel I

SCHEDULE "A"

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of The Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point formed by the intersection of the Westerly side of Daly Avenue with the Northerly side of East 180th Street;

RUNNING THENCE Northerly along said Westerly side of Daly Avenue, 155.65 feet to a point;

THENCE Westerly and parallel with East 180th Street, 100.29 feet to a point;

THENCE Southerly and parallel with Honeywell Avenue 55.83 feet to a point;

THENCE Easterly and again parallel with East 180th Street, 2.06 feet to a point;

THENCE Southerly and again parallel with Honeywell Avenue 42.50 feet to a point;

THENCE Westerly and again parallel with East 180th Street, 2.06 feet to a point;

THENCE Southerly and again parallel with Honeywell Avenue 21.86 feet to a point;

THENCE Westerly and again parallel with East 180th Street, 50 feet to the easterly side of Honeywell Avenue;

THENCE Southerly along said Easterly side of Honeywell Avenue, 35.03 feet to the Northerly side of East 180th Street;

THENCE Easterly along said Northerly side of East 180th Street, 152 feet to the point or place of BEGINNING.

SAID premises being known as 2105 Daly Avenue, Bronx, New York

(Continued)

SCHEDULE A (Continued)

Parcel II

LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of East 117th Street, distant 215 feet easterly from Southeasterly corner of Park Avenue and East 117th Street;

RUNNING THENCE southerly parallel with Park Avenue, 100 feet 11 inches to the center line of the block;

THENCE easterly along the center line of the block, 133 feet 7 inches;

THENCE northerly parallel with Park Avenue, 100 feet 11 inches to the southerly side of East 117th Street;

THENCE westerly along the southerly side of East 117th Street, 133 feet 7 inches to the point or place of BEGINNING.

said premises being known as 124-136 East 117th Street, New York, New York

TOLBOL                          -LEGAL DESCRIPTION-

## SCHEDULE B

This mortgage is subject and subordinate to Mortgage dated the 1st day of November 1984, made by Thomas V. McLauglin and Joseph Clall to Citibank, N.A. in the principal sum of $499,000.00 and recorded on the 21st day of November 1994, (Reel) 568, page 1103, in the office of the City Register of the County of Bronx, State of New York which mortgage was assigned by Assignment of Mortgage from Citibank, N.A. to Employee Staffing of America, Inc. dated 1/7/92 and recorded 2/13/92 in Reel 1081, Page 934 in the office of the City Register of Bronx County, State of New York; which mortgage was assigned by Employee staffing of America, Inc. to S & J Realty Corp. by Assignment of Mortgage, dated October 4, 1996 and recorded on 11/4/96 in the office of the City Register of Bronx County in Reel 1427 page 1931.

REEL4466 PG 1236

D57

009713
PRR

4000
9000
2000
1
2000
500
22,000

AKA 901 E 108 St.

RR: CARO & GRAIFMAN, P.C.
60 E. 42 St.
Suite 2001
NY NY 10165

RECEIVED
RECORDING TAX OF $ 22,000
Includes Special
Add'l Tax $ 2000
SERIAL No. CO-0985
MAY - 9 1997


CITY REGISTER

MORT    37377
        $57.0

MTGETX  37377
        $22,000.
05-09-97  BX01  MTGETX  3737
          PAID  MTGETX  $22,000.0

RECORDED IN BRONX COUNTY

OFFICE OF THE CITY REGISTER

1997 MAY -9 A 11: 28

WITNESS MY HAND
AND OFFICIAL SEAL

X- 11980

# CERTIFIED COPY

## CITY OF NEW YORK
## DEPARTMENT OF FINANCE
### OFFICE OF THE CITY REGISTER, BRONX COUNTY

I hereby certify that this is a true copy of the record consisting of ___8___ pages, if a seal of this Office is embossed (raised).

DATED 5/13/97

_____
CITY REGISTER