PLAINTIFF
6
ID / FULL
3-00-cv-1925
Date Admitted as Full:

## PROMISSORY NOTE

$800,000.00                                                                                                   Connecticut
                                                                                                              April ___, 1997

FOR FUTURE LEGAL FEES, CURRENT LEGAL FEES DUE AND OWING, AND PAST DUE AND OWING LEGAL FEES FOR WORK PERFORMED ON BEHALF OF JOSEPH GALL; AND LEGAL EXPENSES PAST DUE OR PAID ON BEHALF OF JOSEPH GALL, Joseph Gall (the "Maker"), hereby promises to pay to Caro & Graifman, P.C. (the "Payee"), at 60 East 42nd Street, Suite 2001, New York, New York 10165 or at such other place as the Payee or any holder hereof may from time to time designate, the principal amount of EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00) in lawful money of the United States IMMEDIATELY ON DEMAND.

This note is secured by a mortgage and note, dated as of the date hereof, (the "Pledge") made by the Maker to the Payee, under which mortgage encumbering the premises known as 2105 Daly Ave., Bronx, New York AND 130 East 117th Street, New York, NY held by Maker together with the note secured thereby having been pledged to Payee (said mortgage and note are sometimes referred to as the "Collateral Documents".) All of the terms and provisions of the Pledge are hereby incorporated by reference in this Note as if more fully set forth herein.

The indebtedness evidenced by this Note shall become immediately due and payable at the option of the Payee after the occurrence of one or more of the following events: (a) upon the failure by the Maker to tender the amount of $800,000.00 to the Payee immediately on demand; (b) upon the admission, in writing, of the Maker of its inability to pay any of its debts generally as the same become due; (c) upon Maker making an assignment for the benefit of creditors; (d) upon Maker commencing a voluntary case or having entered against it an order for relief under any chapter of the Federal Bankruptcy Code (Title 11 of the United States Code) or any similar order or decree under any federal or state law, now in existence, or hereafter enacted having the same general purpose, and such order or decree not having been stayed or vacated within 30 days after entry; (e) upon the Maker causing, suffering, permitting or consenting to the appointment of a receiver, trustee, administrator, conservator, sequestrator, liquidator or similar official in any federal, state or foreign judicial or nonjudicial proceeding, to hold, administer and/or liquidate all or substantially all of its assets, and such appointment not having been revoked, terminated, stayed or vacated and such official discharged of his duties within 30 days of his appointment; (f) upon the occurrence of any default under the Pledge which remains uncured beyond the expiration of the applicable grace period; (g) upon the occurrence of any default under a Collateral Documents which remains uncured beyond the expiration of the applicable grace period other than the Maturity Default (as defined in the Pledge); or (h) upon any of the events described in clauses (b), (c), (d) or (e) occurring to the mortgagor/maker under the Collateral Documents.

Should the indebtedness evidenced by this Note or any part thereof be collected at law or in equity, or in bankruptcy, receivership or any other court proceeding or should this Note be placed in the hands of attorneys for collection, the Maker agrees to pay, in addition to the principal amount and interest thereon, all costs of collecting or attempting to collect this Note, including, without limitation, reasonable attorneys' fees and expenses.

04/31/97
RHNY02 TNICK
92855-3

The Maker in any litigation (whether or not arising out of or relating to any other obligation or liability of the Maker to the Payee) in which the Payee and Maker shall be adverse parties, waives trial by jury and the right to interpose any defense, setoff or counterclaim of any nature or description.

The Payee shall not by any act, delay, omission or otherwise be deemed to have waived any rights or remedies hereunder. No waiver shall be valid unless signed by the Payee. Any waiver by the Payee on any occasion shall not bar any right or remedy which the Payee would otherwise have had on any future occasion. No course of dealing between the Maker and the Payee shall be effective to modify or discharge, in whole or in part, this Note. All rights and remedies of the Payee shall be cumulative and may be exercised singly or concurrently.

No provision of this Note may be modified, amended, or waived orally, nor may any consent to a variance by the Maker from the provisions of this Note be granted orally, but only by an agreement in writing signed by the holder hereto, and then the modification, amendment, waiver, or consent shall be, unless otherwise expressly provided therein, effective only for the specific purpose for which it is given. No notice to or demand on the Maker in any case shall entitle the Maker to any other or further notice or demand in the same, a similar or any other circumstance unless such further notice or demand is expressly required by the terms of this Note.

The Maker hereby waives presentment for payment, notice of nonpayment or dishonor, protest and notice of protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note, except for demand, notice of demand and such other notices as may be specifically provided for herein, and the Maker agrees that its liability shall be unconditional, without regard to the liability of any other party, and shall not be affected in any manner by an indulgence, extension of time, renewal, waiver or modification granted or consented to by the holder hereof.

In the event any one or more of the provisions contained in this Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions of this Note, but this Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

It is expressly stipulated and agreed to be the intent of the Payee and the Maker to comply at all times with applicable usury laws. If at any time such laws would ever render usurious any amount called for under this Note or any document securing this Note, then it is the Payee's and the Maker's express intention that such excess amount be immediately credited on the unpaid principal, or if this Note has been fully paid, refunded by the Payee to the Maker (and the Maker shall accept such refund) and the provisions hereof and thereof be immediately deemed to be reformed to comply with the then applicable laws, without the necessity of the execution of any further documents, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder. Any such crediting or refund shall not cure or waive any default by the Maker under this Note or any document securing this Note. If at any time following any such reduction in the interest rate payable to the Payee by the Maker there remains unpaid any principal and the maximum interest rate permitted by applicable law is increased or done away with, then the interest rate payable to the Payee shall be readjusted, to the extent permitted by applicable law, so that the total dollar amount of interest thereunder payable by the Maker to the Payee shall be

TNICK

- 2 -

equal to the dollar amount of i̠ ⸺st which would have been paid by Maker to the Payee without giving effect to applicab̠⸺ usury laws.

This Note and the provisions hereof are to be binding upon the heirs, executors, administrators, assigns or successors of the Maker; they shall continue in force notwithstanding any change in the corporation which is a party hereto, whether such change occurs through death, retirement or otherwise; and they are to be construed according to and governed by the laws of the State of New York.

IN WITNESS WHEREOF, the Maker has executed this Note as of the day and date first above written

_____
Joseph Gall

Sworn to before me on this
24 April _____, 1997

_____
Notary Public
PATRICK L. WOOLLEY
NOTARY PUBLIC
MY COMMISSION EXPIRES APR. 30, 2000

₋₁ 97
INY02 TNICK
355-3

- 3 -