UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONAL COUNCIL ON COMPENSATION INS. INC., | ) ) ) | 3:00 CV 1925 (AHN) Hon. Alan H. Nevas, U.S.D.J. |
| Plaintiff | ) ) | NO ORAL ARGUMENT REQUESTED NO TESTIMONY REQUIRED |
| v. | ) ) | |
| CARO & GRAIFMAN, P.C. JOSEPH GALL, | ) ) ) | |
| Defendant Counterclaimant | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COUNTERCLAIMANT CARO & GRAIFMAN'S MOTION FOR COUNSEL FEES AND COSTS**

Ronald M. Gutwirth, Esquire
90 S. Main Street
Orange, NJ  07050
Telephone:  (973)678-8660
Attorney for defendant
counterclaimant
Caro & Graifman, P.C.

TABLE OF CONTENTS TO DEFENDANT COUNTERCLAIMANT'S BRIEF
IN SUPPORT OF ITS MOTION FOR COUNSEL FEES

                                                                   Page

STATEMENT OF PROCEDURAL HISTORY ............................... 1

LEGAL ARGUMENT ................................................ 1

     POINT I.    I. DEFENDANT COUNTERCLAIMANT IS
                    ENTITLED TO COUNSEL FEES BECAUSE THE
                    MORTGAGE AND NOTE BETWEEN CARO &
                    GRAIFMAN AND JOSEPH GALL PROVIDED FOR
                    PAYMENT OF COUNSEL FEES BY MR. GALL IN
                    ANY ACTION WHICH CHALLENGES THE
                    VALIDITY OF THE MORTGAGE. ..................... 3

CONCLUSION .................................................... 6

CASES CITED

Levine v. Infidelity, Inc., 2 A.D.3d 691,
770 N.Y.S.2d 83 (App. Div. 2nd Dept. 2003) ................... 4

N.E. Leasing, LLC v. Paoletta, 89 Conn. App. 766,
877 A.2d 840, 848-849 (2005) ................................. 4

Richard Friedman Associates, CPA, PC. v. Jereski,
26 A.D. 3d 296, 810 N.Y.S. 2d 171 (1 Dept. 2006) ............. 4

Young v. Vlahos, 103 Conn. App. 470, 929 A.2d 362,
369-373 (2007 ................................................ 4

Trugreen Landcare, LLC v. Elmm City Development, 101
Conn. App. 11, 919 A.3d 1077 (2007) .......................... 4

Warren Elecrical Supply Inc. v. Davidson, 284 A.D.2d
869, 727 N.Y.S.2d 502 (3 Dept. 2001) ......................... 4

COURT RULES AND STATUTES

Connecticut General Statutes Annotated § 52-552 ............... 1

Federal Rule Of Civil Procedure 54.2(A)(B) .................... 3

New York Debtor & Creditor Law, § 271-273 ..................... 1

STATEMENT OF PROCEDURAL HISTORY

The within matter is a complaint filed by plaintiff National Council and Compensation Insurance, Inc. against defendant counterclaimant Caro & Graifman in which plaintiffs sought a determination that a mortgage entered into between Caro & Graifman and Joseph Gall constituted a fraudulent transfer in violation of New York Debtor and Creditor Law, § 271-273 and Connecticut General Statutes Annotated § 52-552. Defendant counterclaimant Caro & Graifman seek the determination that the mortgage entered into between Joseph Gall and Caro & Graifman was bona fide consideration for an antecedent debt. Plaintiff's complaint alleges NCCI knew from its adverse representation to Caro & Graifman in prior actions that Caro & Graifman performed legal work on behalf of Joseph Gall and his companies, and NCCI initiated the within action to harass Caro & Graifman. (See Caro & Graifman's counterclaim, paragraphs 55-63). The third counterclaim set forth a cause of action for libel per se on behalf of Caro & Graifman against NCCI. (See paragraphs 64 to 67 of Caro & Graifman's counterclaim). Paragraph h of counterclaimant's prayer for relief sought counsel fees and costs incurred in defending the within action.

At the start of the trial, counsel for defendant counterclaimant indicated that the slander and libel claim was

dismissed but that the claims for counsel fees remained. (TR6-18 to 24). As part of the plaintiff's case, the note entered into between Caro & Graifman and Joseph Gall was admitted as plaintiff's exhibit #6. Paragraph 4 of the note states:

> Should the indebtedness evidenced by this Note or any thereof be collected at law or in equity, or in bankruptcy, receivership or any other court proceeding or should this Note be placed in the hands of attorneys for collection, the Maker agrees to pay, in addition to the principle amount and interest thereon, all costs of collecting or attempting to collect this Note including, without limitation, reasonable attorney's fees and expenses.

The mortgage between Caro & Graifman and Joseph Gall was admitted into evidence as plaintiff's exhibit #9. Page 2, paragraph 12 of the mortgage between Caro & Graifman states:

> That if any action or proceeding be commenced (including all action to foreclose this mortgage or to collect the debt secured by), in which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for expense of any litigation to prosecute or defend the rights and lien created by this mortgage including any reasonable counsel fees shall be paid by the mortgagor, together with interest thereon at the rate of six percent per annum and any such sum and the interest thereon shall be a lien on said premises prior to any right, or title in interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage.

> In defendant counterclaimant's proposed finding of fact and

conclusion of law, Point X, defendant counterclaimant briefed

the issue of its entitlement to counsel fees. Defendant counterclaimant is submitting a formal motion which itemizes the time spent on the within matter. Defendant counterclaimant is not filing the motion because of the presumptuous belief that the case has been won, but because in the event defendant counterclaimant has prevailed, Mr. Caro's emergent situation requires a determination of the counsel fee issue as quickly as possible.

<u>ARGUMENT</u>

I. DEFENDANT COUNTERCLAIMANT IS ENTITLED TO COUNSEL FEES BECAUSE THE MORTGAGE AND NOTE BETWEEN CARO & GRAIFMAN AND JOSEPH GALL PROVIDED FOR PAYMENT OF COUNSEL FEES BY MR. GALL IN ANY ACTION WHICH CHALLENGES THE VALIDITY OF THE MORTGAGE.

Federal Rule Of Civil Procedure 54.2(A)(B) states:

(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B). Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

It is axiomatic under Connecticut and New York law that although the American Rule which provides that each party is

responsible for its own attorney's fees, provisions in mortgages and other contracts which provide for the payment of an adverse party's reasonable attorney's fees are enforceable. Young v. Vlahos, 103 Conn. App. 470, 929 A.2d 362, 369-373 (2007) (provision in lease which provides for reasonable attorney's fees to prevailing party); Trugreen Landcare, LLC v. Elmm City Development, 101 Conn. App. 11, 919 A.3d 1077 (2007) (provision in lease which provides for payment of attorney's fees to parties enforceable); N.E. Leasing, LLC v. Paoletta, 89 Conn. App. 766, 877 A.2d 840, 848-849 (2005) (provision in mortgage which provides for attorney's fees to mortgagee upon mortgagor's default deemed enforcable); Richard Friedman Associates, CPA, PC. v. Jereski, 26 A.D. 3d 296, 810 N.Y.S. 2d 171 (1 Dept. 2006) (provision in accountant retainer agreement which provides for payments of attorney's fees in an action to collect debt from client deemed enforceable); Levine v. Infidelity, Inc.,2 A.D.3d 691, 770 N.Y.S.2d 83 (App. Div. 2nd Dept. 2003) (provision for payment of attorney's fees in mortgage upon mortgagor's default is valid); Warren Elecrical Supply Inc. v. Davidson, 284 A.D.2d 869, 727 N.Y.S.2d 502 (3 Dept. 2001) (plumbing and electrical service's contract which provides for payment of attorney's fees in successful action to recover unpaid bills deemed valid).

In the case at hand, the mortgage entered into between

Joseph Gall and Caro & Graifman is unequivocal and provides for Mr. Gall's payment of counsel fees in any action in which the validity of the mortgage between Caro & Graifman and Joseph Gall was challenged. As an action to have a mortgage deemed a fraudulent conveyance is a challenge to the validity of the mortgage, Caro & Graifman is clearly entitled to collect attorney's fees. The payment of attorney's fees by Mr. Gall is equitable because it is Mr. Gall's criminal conviction and restitution judgment which caused the within trial to occur. Although defendant counterclaimant is not seeking counsel fees as a sanction against plaintiff, plaintiff's conduct in challenging the mortgage as a fraudulent conveyance despite actual knowledge of the enormous work performed by Caro & Graifman on behalf of Mr. Gall caused the trial to occur. The legal services provided to Caro & Graifman are reasonable and necessary and as Mr. Caro is disbarred it would have been impossible for Caro & Graifman, P.C. which is a professional corporation to appear in this matter pro se.

## CONCLUSION

For the foregoing reasons, the court should grant defendant counterclaimant's Caro & Graifman's motion awarding attorney's fees in the amount of $101,200.00 and disbursements in the amount of $1,928.78.

                                        Respectfully submitted
                                        /s/ Ronald M. Gutwirth
                                        RONALD M. GUTWIRTH
                                        Attorney for Defendant
                                        Counterclaimant
                                        Caro & Associates

Dated:     January 25, 2008