UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

NATIONAL COUNCIL ON COMPENSATION :
INSURANCE, INC. et al.,                :
                                       :
                Plaintiffs,       :    Civil Action No.:
                                       :    3:00 CV 1925 (AHN)
v.                                     :
                                       :
CARO & GRAIFMAN, P.C., and             :
JOSEPH GALL,                           :
                                       :
                Defendants.       :    February 15, 2008

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' OBJECTION TO CARO & GRAIFMAN, P.C.'s
MOTION FOR COUNSEL FEES AND COSTS**

The Defendant Caro & Graifman's ("Caro & Graifman") Motion for Counsel Fees and Costs is directed to its co-defendant, Joseph Gall ("Gall"), claiming fees and costs incurred by its attorney, Ronald Gutwirth, in defending the enforceability of the $800,000 mortgage ("Mortgage") and demand note (" Demand Note") at issue in the captioned case. Notwithstanding this fact, Plaintiffs National Council on Compensation Insurance, American International Group, and American Policyholders Insurance Company (collectively "the Plaintiffs"), object to the Motion because Caro & Graifman did not assert any claims against Gall nor prove the amount of fees and costs incurred. As more fully set forth below: (1) the pleadings are devoid of any claim that would support an award of costs to Caro & Graifman's attorney (2) Caro & Graifman's Motion does not satisfy the requirements of Rule 54(d)(2) of the Federal Rules of Civil

Procedure,[1] (3) an award of the requested costs and fees arguably exceed the jurisdiction of the Court; and (4) the Motion confuses the purpose of the requested costs and fees.

Although the Plaintiffs do not anticipate any forthcoming objection from Gall, the Plaintiffs file this Objection to emphasize the prejudice they would suffer if the Court awards the claimed fees and costs. An award of costs and fees against Gall would stand in direct competition with the Plaintiffs' right to receive restitution from Gall pursuant to this Court's restitution order, filed on July 31, 1997 ("Restitution Order").

## LEGAL ARGUMENT

### I. THE PLEADINGS DO NOT PRESENT THE COURT WITH AN AVENUE TO AWARD ATTORNEY'S FEES TO CARO & GRAIFMAN.

Caro & Graifman's claim for attorney's fees is directed at Gall (Def.'s Mem. Supp. Mot. for Fees & Costs 5), notwithstanding the fact that Caro & Graifman has not asserted any claims against its co-defendant. The pleadings consist solely of: (1) the Plaintiffs' Complaint against both Defendants, (2) Caro & Graifman's Answer with Special Defenses and Counterclaims against the Plaintiffs, and (3) the Plaintiffs' Reply to Caro & Graifman's Answer and Counterclaims. Moreover, Gall has not filed a single

---

[1] The Plaintiffs also note that the affidavit of Attorney Ronald Gutwirth, which purports to document the time and costs his law firm spent defending Caro & Graifman during the course of this litigation, does not contain an affirmation under oath that the required contemporaneous time records support the claimed fees and costs. *E.g., Realuyo v. Diaz*, No. 98CV7684, 2006 WL 695683, at *14 (S.D.N.Y. March 17, 2006) ("Under New York law, an attorney, who fails to keep adequate contemporaneous time records, is not entitled to recover the full amount he is seeking."), *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) ("[A]ny attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in [the Second] Circuit for work done after the date of this opinion must document the application with contemporaneous time records [that] . . . should specify, for each attorney, the date, the hours expended, and the nature of the work done.").

2

pleading in this action. Because Caro & Graifman has made no claims against Gall in connection with the mortgage and demand note, the Court has no vehicle by which it may award fees sought by Caro & Graifman in its Motion. Accordingly, the Court must sustain the Plaintiffs' Objection.

## II. THE MOTION DOES NOT SATISFY THE REQUIREMENTS SET FORTH IN RULE 54(d)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Caro & Graifman claims entitlement to attorney's fees pursuant to the terms of the mortgage and demand note. (Def.'s Mem. Supp. Mot. for Fees & Costs 3-4.) When a party seeks attorney's fees pursuant to the terms of a contract, the substantive law of contracts provides that the recovery of those fees must be proved as an element of damages at trial. *See McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1312-16 (2d Cir. 1993) (holding that a party's contractual right to attorney's fees must be proved at trial). Caro & Graifman cannot bring its claim for attorney's fees solely by motion filed pursuant to the procedures set forth in Rule 54(d)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(2). Rather, Caro & Graifman was required to prove those fees "at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A); Fed. R. Civ. P. 54 advisory committee's note of 1993 to Amendment (stating that Rule 54(d)(2) motions do not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract . . ."); *Town of Poughkeepsie v. Espie*, 221 Fed. Appx. 61, 62 (2d Cir. 2007) ("The plain text of Rule 54(d) and the Advisory Committee Notes . . . clearly indicate that the recovery of attorney's fees that must be submitted . . . as an element of damages in a counterclaim cannot be awarded merely on the basis of the

3

adjudication of a post-judgment motion.").

Caro & Graifman did not submit any evidence at trial to prove the time and expense incurred by its attorneys in defending the enforceability of the mortgage and demand note. With no such evidence in the record, Caro & Graifman has not proved the counsel fees and costs to which it claims entitlement. Accordingly, this Court must sustain the Plaintiff's Objection and deny the Motion for Counsel Fees and Costs.[2]

### III. THE COURT'S JURISDICTION MAY NOT EXTEND TO THE DETERMINATION OF THE COUNSEL FEES AND COSTS ALLEGEDLY OWED TO CARO & GRAIFMAN'S ATTORNEYS.

Caro & Graifman's request for attorney's fees arguably exceeds this Court's limited jurisdiction to enforce the Court's Restitution Order. This action centers on the Restitution Order entered by this Court against Gall and in favor of the Plaintiffs, an Order which this Court clearly has the power to enforce. *See Peacock v. Thomas*, 516 U.S. 349, 354 (1996) ("[A] federal court may exercise ancillary jurisdiction . . . to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.").

*Epperson v. Entertainment Express, Inc.* confines this Court's ancillary enforcement jurisdiction to actions to collect judgments. 242 F.3d 100, 104 (2d Cir. 2001). To entertain an action to establish the liability of a third party for the Restitution

---

[2] The rules of civil procedure require a movant seeking attorney's fees to "specify the judgment . . . entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Caro & Graifman cannot specify any judgment entitling it to attorney's fees because the Court has not yet entered judgment for a party in this case. Moreover, Caro & Graifman may only obtain such an award if deemed "the prevailing party," *id.* 54(d)(1), and the Court has yet to find in any party's favor. The Plaintiffs respectfully submit that Caro & Graifman's premature motion also requires the Court to sustain the Plaintiffs' Objection and deny the request for counsel fees and costs.

4

Order entered against Gall, the Court requires a jurisdictional basis, independent and separate from enforcement jurisdiction. *Id.* Although Caro & Graifman's request for counsel fees and costs does not fit squarely within the jurisdictional distinctions drawn by the *Epperson* court, the reasoning in *Epperson* appears clearly to stand for the proposition that a jurisdictional basis separate and distinct from enforcement jurisdiction is required for Caro & Graifman to assert a new substantive theory of liability against Gall for an alleged obligation outside the scope of the Restitution Order. *See id.* at 107. Plaintiffs respectfully submit that this Court cannot entertain Caro & Graifman's request for counsel fees and costs because this Court must limit its decision to the validity of the mortgage in order to remain within the confines of its enforcement jurisdiction.

### IV.  CARO & GRAIFMAN'S REPRESENTATIONS IN ITS MOTION FOR ATTORNEY'S FEES ARE FACTUALLY UNTRUE AND IMMATERIAL TO CARO & GRAIFMAN'S INSTANT MOTION.

Caro & Graifman claims that "Mr. Caro's emergent situation requires a determination of the counsel fee issues as quickly as possible." (Def.'s Mem. Supp. Mot. for Fees & Costs 3.) This statement is factually inaccurate and has nothing to do with Caro & Graifman's Motion. Any award of fees and costs would inure to the benefit of Attorney Gutwirth, Caro & Graifman's counsel, not to Mr. Caro or Caro & Graifman. These are not fees incurred by Caro & Graifman during the representation of Gall during the relevant time period. The fees and costs allegedly due Caro & Graifman's counsel for representing the law firm in this action are separate and distinct from the fees allegedly still owed by Gall to Caro & Graifman in this lawsuit. The

reference to Mr. Caro's "emergent situation" only serves to further distract the Court from the merits of this dispute and the inherently fraudulent transaction represented by the mortgage and demand note at issue.

## CONCLUSION

For all the foregoing reasons, the Plaintiffs respectfully request that this Court deny Caro & Graifman's Motion for Counsel Fees and Costs. The procedural defects of the premature Motion and the posture of the pleadings both prevent the Court from awarding the requested fees and costs.

Respectfully Submitted,

PLAINTIFFS:

NATIONAL COUNCIL ON
COMPENSATION INSURANCE, INC.,
AMERICAN INTERNATIONAL GROUP &
AMERICAN POLICY HOLDERS
INSURANCE COMPANY


By:   /s/ David E. Rosengren
     David E. Rosengren (ct05629)
     drosengren@pepehazard.com
     Frank A. Sherer III (ct27149)
     fsherer@pepehazard.com
     Pepe & Hazard, LLP
     Its Attorneys
     225 Asylum Street
     Hartford, CT 06103
     Tel:   860-522-5175
     Fax:   860-522-2796

## CERTIFICATION

I hereby certify that on February 15, 2008, a copy of the foregoing motion was filed electronically and served by facsimile and/or mail on all parties and pro se parties of record. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: /s/ David E. Rosengren
David E. Rosengren
Fed. Bar No. ct05629
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone: (860) 522-5175
Fax: (860) 522-2796
E-mail: fsherer@pepehazard.com