UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

NATIONAL COUNCIL ON COMPENSATION :
INSURANCE, INC. et al.,
:
:
                Plaintiffs, : Civil Action No.:
: 3:00 CV 1925 (AHN)
v. :
:
CARO & GRAIFMAN, P.C., and :
JOSEPH GALL, :
:
                Defendants. : July 10, 2008

---

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO REOPEN THE TIME TO FILE A NOTICE OF APPEAL

The Plaintiffs, National Council on Compensation Insurance, American International Group, and American Policyholders Insurance Company (collectively "the Plaintiffs"), respectfully, yet vigorously, oppose the Motion to Reopen the Time to File a Notice of Appeal filed by Chase Caro ("Mr. Caro") on behalf of the Defendant Caro & Graifman, P.C. ("Caro & Graifman") on June 26, 2008. Caro & Graifman, the purported movant, cannot satisfy the conditions precedent set forth in Federal Rule of Appellate Procedure 4(a)(6) required for this Court to grant the requested relief. More specifically, this Court granted an extension of time to file a notice of appeal until May 1, 2008, and only now Caro & Graifman files its delinquent Notice of Appeal, nearly two months beyond the Court's original extension of time and well after the Plaintiffs have relied on the finality of this Court's judgment. For the reasons more fully set forth

below, the Plaintiffs respectfully request that this Court affirm the finality of these proceedings and deny the Motion to Reopen.

## Facts

This Court entered judgment in favor of the Plaintiffs on all counts on February 20, 2008. (Document[1] 161.) Then, more than thirty days after entry of this judgment, Mr. Caro, purportedly on behalf of Caro & Graifman, served and filed a Motion for Extension of Time to File Notice of Appeal. (Document 168.) Mr. Caro dated this handwritten motion March 24, 2008, but counsel for the Plaintiffs did not receive notice of this filing until March 31, 2008, when the Court's automated CM/ECF system sent a Notice of Electronic Filing to counsel via email. The court docket notes that Caro & Graifman filed its motion on March 31, 2008, and the Court granted the motion, giving Caro & Graifman until May 1, 2008 to file a notice of appeal. (Document 169).

The May 1 deadline came and passed, and the Plaintiffs received no notice of appeal. The Plaintiffs, relying on the expiration of this deadline, then instructed the escrow agents maintaining the escrowed funds during the pendency of this action to release these monies. The agents released the funds, and, by June 2, 2008, counsel for the Plaintiffs had distributed the money to its clients according to the division established in the Restitution Order pursuant to which the Plaintiffs claimed entitlement to the escrowed proceeds of the sale of two of Defendant Joseph Gall's properties.

---

[1] All documents refer to the documents as identified on the docket report available on the Court's CM/ECF system.

On June 26, 2008, the Plaintiffs received Notice of Electronic Filing of a handwritten Notice of Appeal, filed by Mr. Caro purportedly on behalf of Caro & Graifman, which the court docket styles both a Motion to Reopen the Time to File a Notice of Appeal (Document 172) and a Notice of Appeal (Document 173). The Notice of Electronic Filing indicates that Caro & Graifman filed this Motion to Reopen and Notice of Appeal on June 19, 2008, but counsel for the Plaintiffs first received notice of these filings by way of the Court's CM/ECF system. The Plaintiffs now submit this objection to what this Court has deemed Caro & Graifman's Motion to Reopen the Time to File a Notice of Appeal.

## Argument

### I. Caro & Graifman's Late Notice of Appeal Does Not Function as a Motion to Reopen the Time to File an Appeal.

Caro & Graifman filed its Notice of Appeal well after any extension of time to file an appeal had expired, regardless of whether Caro & Graifman filed the Notice on June 19 (the date of filing as indicated by the court docket) or on June 26 (the date the Plaintiffs received the Notice of Electronic Filing). The extension of time to file a notice of appeal expired on May 1, 2008. Accordingly, Caro & Graifman missed any opportunity to file an appeal, and a motion to reopen the time to file an appeal is the only procedure by which Caro & Graifman may seek to reopen the appeal period. *Poole v. Family Court of New Castle County*, 368 F.3d 263, 268 (3d Cir. 2004). Although the docket in this case reflects both a Motion to Reopen the Time to File a Notice of Appeal (Document 172) and a Notice of Appeal (Document 173), the document filed for each

docket item is identical—a handwritten Notice of Appeal signed by Mr. Caro.

The expiration of the extension of time to file a notice of appeal requires Caro & Graifman to proceed under Federal Rule of Appellate Procedure 4(a)(6), and that rule "requires a motion to reopen. While no particular form of words is necessary to render a filing a motion . . . a simple notice of appeal does not suffice." *Poole*, 368 F.3d at 268 (citation omitted) (internal quotation marks omitted). Caro & Graifman's mere filing of a notice of appeal, without anything more, does not serve as a motion to reopen the time to file an appeal. *Id.* Caro & Graifman's failure to so move requires the Court to deny the Motion to Reopen.

## II. Caro & Graifman's Failure to Satisfy the Conditions of Federal Rule of Procedure 4(a)(6) Requires this Court to Deny the Motion to Reopen.

The Supreme Court has "long and repeatedly held that the time limits for filing a notice of appeal are jurisdictional in nature." *Bowles v. Russell*, 127 S. Ct. 2360, 2362 (2007). The time limits established by Federal Rule of Appellate Procedure 4(a) are mandatory and "set a definite point of time when litigation shall be at an end." *Browder v. Director, Ill. Dep't of Corr.*, 434 U.S. 257, 264 (1978). After the lapse of the usual period to file a notice of appeal, Federal Rule of Appellate Procedure 4(a)(6) only permits a district court to reopen the time to file an appeal if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment . . . sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment . . . is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; ***and***

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added). Caro & Graifman (the movant) must satisfy all the conditions of Rule 4(a)(6) before this Court can reopen the time to file a notice of appeal, and as set forth more fully below, Caro & Graifman (1) received notice of the entry of the judgment within twenty-one days after entry and (2) reopening the appeal period would severely prejudice the Plaintiffs. *E.g.*, *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994).

### A.   Caro & Graifman Received Notice of the Entry of Judgment Within Twenty-One Days of Entry.

Caro & Graifman can only seek to reopen the time to file an appeal if it did not receive notice of the entry of judgment within twenty-one days of entry. Fed. R. App. P. 4(a)(6)(A). "Immediately after entering a . . . judgment, the clerk must serve notice of the entry, as provided in [Federal Rule of Civil Procedure] 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1). Federal Rule of Civil Procedure 5(b) provides that "[i]f a party is represented by an attorney, service . . . must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1); *see also Avolio*, 29 F.3d at 53. The Court's Electronic Filing Policies and Procedures state that "[a]ll . . . judgments . . . of the court will be filed in accordance with [the ECF Procedures], *which will constitute entry on the docket kept by the clerk.*" (emphasis added). Caro & Graifman was represented by counsel at trial, and the Notice

of Electronic Filing[2] that accompanied the entry of the judgment demonstrates that the Court's CM/ECF system issued notice to Caro & Graifman's counsel (Attorney Ron Gutwirth) via email and to Mr. Caro, at Caro & Associates, 399 Knollwood Road, Suite 216, White Plains, New York. Pursuant to Rule 5(b), the notice of entry of the Court's judgment was served on Caro & Graifman on or about February 20, 2008 by virtue of the judgment's receipt by Caro & Graifman's attorney, via email, and by Mr. Caro, at his office address in White Plains, New York. *See also* Fed. R. Civ. P. 5(d)(3) (permitting electronic filing, signing, or verification of papers).

Moreover, Caro & Graifman's Motion for Extension of Time to File Notice of Appeal, filed on March 28, 2008 by Mr. Caro, constitutes further evidence of receipt of the Court's judgment within twenty-one days of entry. Although both the date of the motion (March 24) and the date of filing (March 28) occurred more than twenty-one days after notice of entry of judgment, Mr. Caro (the motion's author) cannot reasonably contend that Caro & Graifman had not received notice of entry of judgment in this case. Notwithstanding the evidence of receipt of notice of entry of judgment by its counsel, the very fact that Caro & Graifman filed its Motion for Extension of Time to File Notice of Appeal undermines any possible argument that Caro & Graifman did not receive notice of the judgment under Rule 77(d). Indeed, Caro & Graifman would not have requested any such extension without having notice of the Court's judgment. Accordingly, the Plaintiffs respectfully submit that this Court must deny Caro & Graifman's Motion to

---

[2] A copy of this Notice of Electronic Filing is attached hereto as **Exhibit A.**

Reopen the Time to File a Notice of Appeal for failure to satisfy the first of the conditions set forth in Federal Rule of Appellate Procedure 4(a)(6).

### B. Caro & Graifman Did Not Move to Reopen the Time to Appeal Within Seven Days of Receipt of Notice of Entry of Judgment.

Federal Rule of Civil Procedure 4(a)(6) only permits a court to reopen the time to file an appeal if "the motion is filed within 180 days after the judgment . . . is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6)(B) (emphasis added). Although Caro & Graifman has moved within 180 days of entry of the judgment, it ***did not*** file the motion within seven days of receipt of notice of entry of judgment. As indicated on the court docket, Caro & Graifman filed this Motion to Reopen on June 19, 2008, which, after taking into account the provisions of Federal Rule of Appellate Procedure 26, required Caro & Graifman to have received notice of entry of judgment no earlier than June 10, 2008. As already explained, Caro & Graifman received notice of the entry of judgment on February 20, 2008 via service of the Notice of Electronic Filing both on its counsel and on Mr. Caro at his office address. Furthermore, Caro & Graifman's Motion for Extension of Time to File Notice of Appeal provides further evidence that Caro & Graifman received notice of entry of the judgment well before the June 10, 2008 cut-off date. Accordingly, the Plaintiffs respectfully request that this Court deny this motion as untimely pursuant to Federal Rule of Appellate Procedure 4(a)(6)(B).

### C. Reopening the Time to Appeal Would Severely Prejudice the Plaintiffs.

Federal Rule of Appellate Procedure 4(a)(6)(C) denies a moving party a requested reopened appeal period if the district court finds that reopening the appeal period will prejudice a party. Fed. R. App. P. 4(a)(6)(C). The Plaintiffs relied on the expiration of the extended appeal period when they sought release of the escrowed proceeds of the sale of the two properties encumbered by the mortgages set aside by the Court's judgment. A reopened appeal period would drag the Plaintiffs into further and unnecessary litigation, incurring additional costs for a dispute definitively concluded by the failure of Caro & Graifman to file an appeal within the appropriate time limits. Furthermore, not only did Caro & Graifman never file a timely notice of appeal, it never sought a stay of the underlying judgment or posted an appeal bond. With no stay, no bond, and no notice of appeal, the Plaintiffs reasonably and correctly relied on the finality of this Court's judgment and sought release of the escrowed monies. *See Browder*, 434 U.S. at 264 (holding that the time limits in Fed. R. App. P. 4(a) "set a definite point of time when litigation shall be at an end"). Reopening the appeal period would only work further prejudice on the Plaintiffs, whom Caro & Graifman has already caused to expend significant resources in prosecuting this fraudulent conveyance action. Accordingly, the Plaintiffs respectfully request that this Court deny this Motion to Reopen the Time to File a Notice of Appeal.

### III. Mr. Caro Cannot Represent Caro & Graifman *Pro Se* and Does Not Have Standing to File the Motion to Reopen the Time To File a Notice of Appeal.

Both Connecticut and New York prohibit a corporation from proceeding *pro se*. *E.g.*, *State Bar Ass'n v. Conn. Bank & Trust Co.*, 145 Conn. 222, 234 (1958) ("The practice of law is open only to individuals proved to the satisfaction of the court to possess sufficient general knowledge and adequate special qualifications as to learning in the law and to be of good moral character . . . . It demands on the part of the attorney undivided allegiance, a conspicuous degree of faithfulness and disinterestedness, absolute integrity and utter renunciation of every personal advantage conflicting in any way directly or indirectly with the interests of his client . . . . *Artificial creations such as corporations . . . cannot meet these prerequisites and therefore cannot engage in the practice of law*." (emphasis added)); N.Y.C.P.L.R. § 321(a) ("[A] corporation or voluntary association shall appear by attorney . . . ."). Although professional corporations consisting of members duly authorized as officers of the Court may appear *pro se*, *e.g.*, *Desarbo & Reichert, P.C. v. Cardow*, 1996 Ct. Sup. 2634, 2637 (1996) (Connecticut law); *Toren v. Anderson, Kill & Olick, P.C.*, 185 Misc.2d 23, 26 (N.Y. Sup. Ct. 2000) (New York law), Caro & Graifman does not fit this profile. A defunct law firm with Mr. Caro, an incarcerated and disbarred sole remaining successor-in-interest, does not qualify for the exception to the rule prohibiting *pro se* appearances by corporations or voluntary associations. Although Caro & Graifman was formed for the specific purpose of providing legal services, it no longer consists of members who are licensed attorneys bound by the Rules of Professional Conduct. *See Desarbo & Reichert*,

1996 Ct. Sup. at 2637. Accordingly, this Court must also deny the Motion to Reopen the Time to File a Notice of Appeal because Caro & Graifman has no standing to proceed *pro se*. Caro & Graifman had trial counsel, who could easily have prepared and filed the required notice of appeal within the applicable time limits.

### IV. Caro & Graifman Cannot Rely on the Provisions of Federal Rule of Appellate Procedure Applicable to Inmates.

Federal Rule of Appellate Procedure 4(c) only applies to "an inmate confined in an institution [who] files a notice of appeal in either a civil or criminal case . . . . ." This rule, which codifies the "prison mailbox rule" first established by the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988), applies to inmates who are *pro se* litigants. *E.g., Knickerbocker v. Artuz*, 271 F.3d 35, 36 (2d Cir. 2001). Although Mr. Caro is an inmate confined in an institution, Caro & Graifman, as just explained, cannot proceed *pro se* in this matter. *See* discussion, *supra*, Section III. Because Caro & Graifman cannot proceed *pro se*, any provisions of Federal Rule of Appellate Procedure seemingly applicable to Mr. Caro, an inmate confined in an institution, do not apply to Caro & Graifman, as those provisions only apply to *pro se* litigants. Moreover, even should this Court conclude the provisions of Rule 4(c) apply, Mr. Caro did not provide any evidence of filing in a timely fashion, as required by Rule 4(c)(1). And most importantly, June 16, 2008, the handwritten date on Caro & Graifman's delinquent Notice of Appeal, falls outside any period within which Caro & Graifman was required to appeal this Court's judgment. Accordingly, the Plaintiffs request that this Court deny Caro & Graifman any relief potentially available under the provisions of Federal Rule of

Appellate Procedure 4(c).

## Conclusion

The Plaintiffs respectfully request that this Court deny Caro & Graifman's Motion to Reopen the Time to File a Notice of Appeal because (1) Caro & Graifman did not file the required motion under Federal Rule of Appellate Procedure 4(a)(6), (2) Caro & Graifman cannot satisfy the necessary conditions in Federal Rule of Appellate Procedure 4(a)(6), (3) Caro & Graifman cannot proceed *pro se* in this matter, and (4) Caro & Graifman may not take advantage of the provisions of Federal Rule of Appellate Procedure 4(c) applicable to inmates.

          Respectfully Submitted,

          PLAINTIFFS:

          NATIONAL COUNCIL ON
          COMPENSATION INSURANCE, INC.,
          AMERICAN INTERNATIONAL GROUP &
          AMERICAN POLICY HOLDERS
          INSURANCE COMPANY

By:   /s/ David E. Rosengren
       David E. Rosengren (ct05629)
       drosengren@pepehazard.com
       Frank A. Sherer III (ct27149)
       fsherer@pepehazard.com
       Pepe & Hazard, LLP
       Its Attorneys
       225 Asylum Street
       Hartford, CT 06103
       Tel:   860-522-5175
       Fax:   860-522-2796

# EXHIBIT A

**Sherer, Frank**

---

**From:** CMECF@ctd.uscourts.gov
**Sent:** Wednesday, February 20, 2008 12:31 PM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Activity in Case 3:00-cv-01925-AHN National Council Ins v. Caro & Graifman PC, et al Judgment

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### United States District Court for the District of Connecticut

### Notice of Electronic Filing

The following transaction was entered on 2/20/2008 at 12:30 PM EST and filed on 2/20/2008
**Case Name:** National Council Ins v. Caro & Graifman PC, et al
**Case Number:** 3:00-cv-1925
**Filer:**
**Document Number:** 161

**Docket Text:**
**JUDGMENT entered in favor of American International Group, American Policyholders Insurance Co., National Council on Compensation Ins Inc against Caro & Graifman PC, Joseph Gall. Signed by Clerk on 2/20/08. (Simpson, T.)**


**3:00-cv-1925 Notice has been electronically mailed to:**

David E. Rosengren drosengren@pepehazard.com, kclemens@pepehazard.com

Frank Audemars Sherer, III fsherer@pepehazard.com

Ronald M. Gutwirth RonGutwirthEsq@aol.com

**3:00-cv-1925 Notice has been delivered by other means to:**

Chase A. Caro
Caro & Associates
399 Knollwood Rd.
Suite 216
White Plains, NY 10603

Alan M. Friedman
Caro & Associates
399 Knollwood Rd., Suite 216
White Plains, NY 01603

Joseph Gall
12209-014
36 Woodside Ave.
Elmsford, NY 10523

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=2/20/2008] [FileNumber=1521230-0
] [1bbd42ee4889a6d0e4dd4340c874328df9da56a6de243066da57a6096fc9b87e459
0df0b571af701b53edd90551761515764e5a9d39ce157118888ca5b52c8f3]]

7/10/2008

## CERTIFICATION

I hereby certify that on July 10, 2008, a copy of the foregoing memorandum in opposition was filed electronically and served by facsimile and/or mail on all parties and pro se parties of record. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

I also certify that on July 10, 2008, a copy of the foregoing memorandum in opposition was mailed, postage prepaid, to the following pro se or interested parties:

Joseph Gall
36 Woodside Avenue
Elmsford, New York  10523

Chase Caro (08A2164)
Box 2500
Midstate Corrections Facility
Marcy, NY  13403


By:   /s/ David E. Rosengren
        David E. Rosengren
        Fed. Bar No. ct05629
        Pepe & Hazard LLP
        Goodwin Square
        225 Asylum Street
        Hartford, CT  06103
        Phone:  (860) 522-5175
        Fax:  (860) 522-2796
        E-mail:  drosengren@pepehazard.com