UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATIONAL COUNCIL ON :
COMPENSATION INSURANCE, INC., :
ET AL., :
        Plaintiffs, :
         :
   v. : Civ. No. 3:00-CV-1925(AHN)
         :
CARO & GRAIFMAN, P.C., :
     ET AL. :
        Defendants. :

### RULING ON CARO & GRAIFMAN'S MOTION TO REOPEN THE TIME TO FILE AN APPEAL

This action arises from the plaintiffs' efforts to enforce a restitution order entered by this court in the criminal case of United States v. Gall, No. 3:95CR98(AHN). After a bench trial, the court found that Joseph Gall ("Gall") fraudulently mortgaged certain interests in two of his properties to his former lawyers, Caro & Graifman, P.C. ("Caro & Graifman"), in order to shield those assets from the plaintiffs and evade the court's restitution order in the criminal case. Now pending before the court is Caro & Graifman's motion to reopen the time to file an appeal [doc. # 172]. For the reasons given below, the court denies the motion.

### DISCUSSION

The court assumes the parties' familiarity with this case and only recounts those facts necessary to address this motion.

On February 20, 2008, the court entered judgment in favor of the plaintiffs, giving them the right, under the court's

restitution order, to the proceeds from two properties Gall had fraudulently conveyed to Caro & Graifman.

On March 28, 2008, Chase Caro ("Caro"), one of the firm's principals who also acted as co-counsel for the firm in this action, moved to extend the time to file a notice of appeal. Caro claimed he was the sole successor in interest to Caro & Graifman but that, after the judgment against him in this case was entered, he was sentenced to a term of imprisonment in New York State on an unrelated matter and that it was impossible for him to file the notice of appeal in this case within thirty days. He further claimed that Caro & Graifman's lead counsel in this case, Attorney Ronald Gutwirth, only appeared for the limited purpose of representing the firm at trial. Thus, Caro claimed the extension of time was necessary so that he could retain new counsel to file the notice of appeal. The court granted the motion absent objection and extended the deadline for filing a notice of appeal to May 1, 2008. Caro & Graifman, however, did not file a notice of appeal during that time and thus, pursuant to the final judgment, the escrowed funds were distributed to the plaintiffs.

Thereafter, on June 19, 2008, the Clerk of the Court received a handwritten notice of appeal from Caro. In the notice of appeal, Caro claimed that he was unable to file a notice of appeal by the May 1 deadline because he was being transported to

a different prison facility and lacked paper and a writing implement.

The Clerk flagged the notice of appeal before filing it because of two problems.  First, because the court sent a letter to the federal grievance committee reporting Caro's conviction in state court, the Clerk expected that Caro may have already been disbarred from the federal bar and was therefore unable to act as counsel for Caro & Graifman.  Second, despite his claim to be the sole successor in interest to Caro & Graifman, Caro is not a party in the action and has not filed a pro se appearance.

Nevertheless, out of consideration of Caro's limited resources while incarcerated and in the interest of deciding on the merits whether Caro & Graifman has waived its right to appeal, the court instructed the Clerk to docket the filing as both a notice of appeal and a motion to reopen the time to file an appeal in order to give the plaintiffs an opportunity to respond.

## DISCUSSION

The plaintiffs oppose the motion to reopen the notice of appeal because Caro & Graifman has failed to meet the requirements for reopening the time to file an appeal under Fed. R. App. 4(a)(6).[1]  The court agrees.

---

[1] Caro & Graifman has not replied to the plaintiffs' opposition.

In a civil action, a party must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, --- U.S. ----, 127 S.Ct. 2360, 2366 (2007). The Second Circuit has long held that "[c]ompliance with Rule 4(a) is mandatory and jurisdictional." Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 415 (2d Cir. 2004) (internal quotation marks omitted).

The Federal Rules of Appellate Procedure provide two ways that a late notice of appeal may be excused. The first is on a showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). This provision does not authorize the relief Caro & Graifman now seeks because Caro & Graifman previously received a 30-day extension of the filing deadline and Fed. R. App. P. 4(a)(5)(C) does not permit a district court to extend the time for filing an appeal more than thirty days. In other words, even if there was excusable neglect or good cause, the court could not grant any further extensions of the time for filing the notice of appeal.

The second way to excuse a late notice of appeal is to reopen the time for filing, but this is only authorized if "the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within twenty-one days after entry." Fed. R. App. P. 4(a)(6)(A). Even assuming that Caro & Graifman did not receive notice of the entry

of judgment within twenty-one days from entry, relief is not available under this rule because Caro & Graifman did not move to reopen the notice of appeal within seven days after it received notice of the entry of judgment. By its express terms, Rule 4(a)(6) only permits a district court to reopen the time to file an appeal if, among other things, "the motion is filed within 180 days after the judgment or order is entered or within seven days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier . . . ." Fed. R. App. P. 4(a)(6).

Here, because Caro & Graifman moved to reopen the time for filing an appeal within less than 180 days after entry of the judgment, the seven-day requirement controls. Judgment entered in this case on February 22, 2008. On March 28, 2008, Caro & Graifman moved for an extension of time to file a notice of appeal. At the very latest, Caro & Graifman received notice of the court's judgment by the date it filed the motion to extend the time for filing an appeal. The present motion, however, was not filed until June 19, 2008, almost four more months after that date and well beyond the seven-day requirement of Rule 4(a)(6). Thus, the second ground to excuse a late filing is not available under the circumstances here. Accordingly, the court cannot reopen the time for filing an appeal.

Although the court has sympathy for those who lose

substantial rights in this fashion, this court "operate[s] in an environment . . . in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 367 (2d Cir. 2003).

CONCLUSION

For the foregoing reasons, the court DENIES Caro & Graifman's motion to reopen the time for filing an appeal [doc. # 172].

SO ORDERED this 27th day of August, 2008, at Bridgeport, Connecticut.

                                                /s/
                                   Alan H. Nevas
                                   United States District Judge